UNITED STATES of America,
Appellant,

v.

Wayne N. COLLAMORE,
Defendant, Appellee.

In re UNITED STATES of
America, Petitioner.

Nos. 88–1649, 88–1909.

United States Court of Appeals,
First Circuit.

Heard Nov. 11, 1988.

Decided Feb. 17, 1989.

Rehearing and Rehearing En Banc
Denied March 21, 1989.

F. Mark Terison, Asst. U.S. Atty., with whom Richard S. Cohen, U.S. Atty., and Margaret D. McGaughey, Asst. U.S. Atty., Portland, Me., were on brief, for the U.S.

Claudia C. Sharon, Portland, Me., for defendant, appellee.

Before BOWNES, BREYER and SELYA, Circuit Judges.

BOWNES, Circuit Judge.

The United States appeals the district court's granting of Wayne N. Collamore's motion to bifurcate his trial for being a felon in possession of a firearm in violation of 18 U.S.C.App. § 1202(a)(1).[1] Fearing that we might not have appellate jurisdiction under 18 U.S.C. § 3731,[2] the government has also submitted a petition for mandamus under 28 U.S.C. § 1651(a).[3] For the reasons stated hereinafter we find the order to bifurcate improper.

## I. BACKGROUND

Collamore was indicted on a charge of being a felon in possession of a firearm. The indictment alleges eight felony convictions.[4] Prior to trial, the government notified Collamore that it would seek an enhanced sentence under 18 U.S.C.App. § 1202(a), Armed Career Criminal Act (ACCA), because Collamore had been convicted three times of burglary and/or robbery.[5] Collamore then moved to bifurcate

1. This section provided in pertinent part:

   Any person who—
   (1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony,

   . . . . . .

   and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

   This section was repealed effective after the date of defendant's alleged infraction. The relevant passage was reenacted in broader form and recodified at 18 U.S.C. § 922(g).

2. This section provides in pertinent part:

   An appeal by the United States shall lie to a court of appeals from a decision or order of a district court suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.

   . . . . . .

   The provisions of this section shall be liberally construed to effectuate its purpose.

3. This section provides: "(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

4. The indictment reads in full:

   The Grand Jury charges:

   On or about September 26, 1985, in the District of Maine, the defendant,

   **WAYNE N. COLLAMORE**

having been convicted in the Lincoln County Superior Court, State of Maine, on November 24, 1971 for breaking, entering and larceny in the nighttime in docket number 2308 and 2473; on November 29, 1972 for robbery in docket number 2679; on February 1, 1977 for burglary in docket number CR-76-75; on July 28, 1977 for burglary in docket numbers CR-76-76, CR-76-77, and CR-76-112; and on October 20, 1981 for burglary in docket number CR-81-128; and having been convicted in the Knox County Superior Court, State of Maine on November 5, 1981 for burglary in docket number CR-81-186 and for theft in docket number number [sic] CR-81-186; and having been convicted in Kennebec County Superior Court, State of Maine, on November 6, 1985 for burglary in docket number CR-85-496; all crimes punishable by imprisonment for a term exceeding one year under the laws of the State of Maine; did knowingly receive and possess in commerce and affecting commerce, a firearm, that is a Harrington and Richardson, Model 929, .22 caliber, revolver, serial number AC31969;

   In violation of Title 18, Appendix II, United States Code, Section 1202(a)(1).

5. 18 U.S.C.App. § 1202(a) reads in pertinent part:

   In the case of a person who receives, possesses, or transports in commerce or affecting commerce any firearm and who has three previous convictions by any court referred to in paragraph (1) of this subsection for robbery or burglary, or both, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under this subsection, and such person shall not be eligible for

the possession element of the crime from the element pertaining to his prior convictions.

The government initially argued that it had the right to introduce evidence of all eight felony convictions alleged in the indictment. When it became clear that the court would not allow this, the government claimed it needed to introduce evidence as to at least three burglary or robbery convictions in order to prove its case for an enhanced sentence. Collamore would not stipulate to the convictions and the government did not offer to restrict its proof to one felony conviction. The district court ruled that allowing evidence of even three prior felonies "would inject an undue level of prejudice" into the trial. After the district court granted Collamore's motion for bifurcation,[6] the government offered to limit its trial proof to one felony conviction.

The bifurcation order provided

that the proceeding would be bifurcated and that the government would be required to produce first its evidence with respect to the circumstances alleged to constitute the possession of the weapon in question, and that then all of that evidence on both sides being produced as to those circumstances, the matter would be submitted to the jury for determination of a question on special verdict as to whether the jury found beyond a reasonable doubt from the evidence produced by the government that the defendant had possessed the weapon in question on September 26, 1985.

[I]f the answer to that question was yes, the jury would be brought back to the courtroom and the government would be provided a full opportunity to produce any admissible evidence as to any aspect of this defendant's prior criminal record.

## II. APPEAL OR MANDAMUS

Under 18 U.S.C. § 3731, "[a]n appeal by the United States shall lie to a court of appeals from a decision or order of a district court suppressing or excluding evidence...." The government's right to appeal in this case is predicated on the theory that the bifurcation order may result in the suppression or exclusion of evidence. It contends that if the jury finds in favor of Collamore on the possession issue, evidence of his prior convictions will be totally excluded from the trial. Collamore counters that if the jury finds against him on possession, the government will be allowed to present its prior conviction evidence before the jury returns a general verdict.[7]

■ Our approach to determining appealability under § 3731 has been stated before:

We do, however, read section 3731 generally, and particularly the liberal construction provision of paragraph five, as dictating a practical, rather than formalistic, application. The courts of appeal have followed such an approach with regard to appeals brought under the second paragraph of section 3731. The Second, Third and Sixth Circuits have applied this reasoning to hold that orders having the practical effect of excluding evidence, although not expressly doing so, could be appealed under section 3731. We agree that section 3731 would authorize appeals from such orders.

*United States v. Kane,* 646 F.2d 4, 7 (1st Cir.1981) (citations omitted). Conditional orders may be appealed. *See, e.g., United States v. Todaro,* 744 F.2d 5, 8 n. 1 (2d Cir.1984), *cert. denied,* 469 U.S. 1213, 105 S.Ct. 1186, 84 L.Ed.2d 333 (1985).

■ The present case, however, does not easily fit within the format of the cited cases. Under the bifurcation order, if the

---

parole with respect to the sentence imposed under this subsection.
This section was repealed; it has been reenacted in broader form and recodified at 18 U.S.C. § 924(e)(1).

**6.** The court initially denied Collamore's motion to bifurcate, but, after reconsideration, granted the motion.

**7.** Collamore does not contend that the government has not followed the procedures set forth in 18 U.S.C. § 3731 for prosecuting this appeal. The record clearly indicates that all required steps have been taken.

government does not prove beyond a reasonable doubt that the defendant possessed a firearm he will be found not guilty and evidence of any prior convictions will have been effectively excluded. Moreover, jeopardy will have attached and the government will have lost its right to appeal. Such a possible result is a good argument for a liberal construction of 18 U.S.C. § 3731.

But we are faced with more than a conditional order that may result in the exclusion of evidence; the issue is whether the bifurcation order was proper. It is unusual, to say the least, to split the elements of crime into two parts for purposes of trial. Because there may be a question as to our appellate jurisdiction under 18 U.S.C. § 3731 and because of the importance of deciding *now* the propriety of the bifurcation order, we have decided to proceed under our mandamus powers.

" 'Mandamus entreaties are generally subject to a pair of prophylactic rules, which together require that a petitioner show (a) some special risk of irreparable harm, and (b) clear entitlement to the relief requested.' *In re Recticel Foam Corp.*, 859 F.2d 1000, 1005 (1st Cir.1988) (footnote omitted)." *In re Bushkin Assocs., Inc.*, 864 F.2d 241, 243 (1st Cir.1989) (further citations omitted). Both prerequisites for mandamus have been met here.

The government's right to appeal is limited to 18 U.S.C. § 3731. *See Kane*, 646 F.2d at 5. And, because of the double jeopardy constitutional proscription, § 3731 explicitly denies the government an appeal from orders excluding evidence "after the defendant has been put in jeopardy." Thus, once trial has begun, the government will be irreparably harmed by not having any other avenue to seek redress for the district court's bifurcation of the trial. We also find, as we explain in part III. A., that the government has a "clear entitlement to the relief requested."

## III. THE MERITS

We start our analysis by noting that we have now decided a question that at the time of the bifurcation order had not been addressed by this circuit: whether the three felony conviction provision of the statute was an element of a heightened crime or only for sentence enhancement. In *United States v. Rumney*, 867 F.2d 714, 717–19 (1st Cir.1989), we held that it was for sentence enhancement purposes only.

### A.

Because the court was concerned that the jury would be prejudiced on the "very close factual question" of possession by the introduction of Collamore's prior convictions, it bifurcated the possession issue from the felony conviction issue.

"A conviction under § 1202(a)(1) requires proof of three elements: (1) the accused is a convicted felon; (2) who knowingly possessed a firearm; (3) which was connected with interstate commerce." *Rumney*, 867 F.2d at 721. By prohibiting the government from presenting evidence of even one prior felony conviction until the issue of possession had been decided, the court eliminated an essential element of the government's case.

■ As far as we can determine, absent an agreement by the parties, bifurcation is available in only two circumstances in criminal proceedings. A court may bifurcate a trial with respect to the issue of insanity, and a court may also divide a trial between a determination of guilt or innocence and imposition of penalty. The parties have not cited, and we have been unable to locate, however, a single case allowing, much less mandating, bifurcation of a trial by dividing it along the lines of the elements of the crime charged.[8]

---

**8.** Collamore's reliance on *Spencer v. Texas*, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967), is misplaced. *Spencer* dealt with Texas statutes which provided for enhanced penalties if the jury found the defendants to be repeat offenders. *Id.* at 555–56, 87 S.Ct. at 649–50. The court noted that bifurcation of the penalty phase of trial from the guilt phase would be permissible but was not constitutionally mandated. *Id.* at 567–68, 87 S.Ct. at 655–56. The court did not make the broader holding, urged by Collamore,

The dearth of cases, we feel, is because such a procedure would result in serious problems. First, when a jury is neither read the statute setting forth the crime nor told of all the elements of the crime, it may, justifiably, question whether what the accused did was a crime. The present case is a stark example. Possession of a firearm by most people is *not* a crime. A juror who owns or who has friends and relatives who own firearms may wonder why Collamore's possession was illegal. Doubt as to the criminality of Collamore's conduct may influence the jury when it considers the possession element.

Second, the use of special interrogatories is disfavored in criminal cases. *See United States v. Spock*, 416 F.2d 165, 180–82 (1st Cir.1969). *Spock* dealt with a situation where the defendant complained of the use of special jury findings because it undercut his right to full consideration of his case by the jury. We agreed, holding that special interrogatories curtail the right to a jury trial by allowing the judge to carefully guide the jury to its conclusion. "In the exercise of its functions not only must the jury be free from direct control in its verdict, but it must be free from judicial pressure, both contemporaneous and subsequent." *Id.* at 181. "The result may be accomplished by a majority of the jury, but the course has been initiated by the judge, and directed by him through the frame of the questions." *Id.* at 182. We think it significant that while there is a provision for special verdicts in the federal rules governing civil trials, Fed.R.Civ.P. 49(a), no similar provision exists in the Federal Rules of Criminal Procedure. It is equally significant that the civil rules expressly allow separate trials of separate issues, i.e., bifurcation, Fed.R.Civ.P. 42(b), while the criminal rules are silent on the subject.

Two other factors militate against bifurcation. First, other statutes call for the introduction of other crimes as an element of a substantive offense, *see United States v. Brewer*, 841 F.2d 667, 669 (6th Cir.), rev'd on reh'g, 853 F.2d 1319 (6th Cir.), *cert. denied*, —— U.S. ——, 109 S.Ct. 375, 102 L.Ed.2d 364 (1988),[9] but as far as we know, there has been no bifurcation in those cases. Second, even in the face of an offer to stipulate, the government may choose to present evidence on the one felony necessary to prove the crime charged. *See, e.g., United States v. Bruton*, 647 F.2d 818, 825 (8th Cir.), *cert. denied*, 454 U.S. 868, 102 S.Ct. 333, 70 L.Ed.2d 170 (1981); *United States v. Blackburn*, 592 F.2d 300, 301 (6th Cir.1979); *United States v. Buckhart*, 545 F.2d 14, 15 (6th Cir.1976).

In *Spock* it was the defendant who complained; in this case it is the government. The difference in parties is immaterial. "[T]he government, as a litigant, has a legitimate interest in seeing that cases in which it believes a conviction is warranted are tried before the tribunal which the Constitution regards as most likely to produce a fair result"—the jury. *Singer v. United States*, 380 U.S. 24, 36, 85 S.Ct. 783, 790–91, 13 L.Ed.2d 630 (1965). *See also United States ex rel. Williams v. DeRobertis*, 715 F.2d 1174, 1178 (7th Cir.1983), *cert. denied*, 464 U.S. 1072, 104 S.Ct. 982, 79 L.Ed.2d 219 (1984). A defendant cannot override the government's request for a jury absent some "compelling" circumstances which "may render impossible or unlikely an impartial trial by jury." *Singer*, 380 U.S. at 38, 85 S.Ct. at 791; *see also United States v. Houghton*, 554 F.2d 1219, 1226 (1st Cir.), *cert. denied*, 434 U.S. 851, 98 S.Ct. 164, 54 L.Ed.2d 120 (1977). If a court believes there is insufficient evidence to convict, it may grant a motion to acquit, Fed.R. Crim.P. 29 or in the interest of justice, it may grant a new trial, Fed.R.Crim.P. 33. It may not, however, otherwise tamper with the government's decision to have its case tried to a jury.

We hold that the district court may not bifurcate this trial.

### B.

To hold that the judge may not bifurcate this trial is not to hold that he is

---

that bifurcation of the elements of a crime is permissible.

9. *See* 18 U.S.C. §§ 1961(5), 1962(c) (RICO); 18 U.S.C. § 1737 (second offense of mailing pornography).

without power to blunt the inherently prejudicial nature of prior convictions. "The trial judge has 'wide latitude of discretion ... in supervising the conduct of the trial.'" *United States v. Kelly*, 722 F.2d 873, 881 (1st Cir.1983) (quoting *Walsh v. United States*, 371 F.2d 436, 438 (1st Cir.), *cert. denied*, 387 U.S. 947, 87 S.Ct. 2083, 18 L.Ed.2d 1335 (1967)), *cert. denied*, 465 U.S. 1070, 104 S.Ct. 1425, 79 L.Ed.2d 749 (1984). The Supreme Court has stated the scope of a district court's discretion as follows: .

> The trial judge must meet situations as they arise and to do this must have broad power to cope with the complexities and contingencies inherent in the adversary process. To this end, he may determine generally the order in which parties will adduce proof; his determination will be reviewed only for abuse of discretion. Within limits, the judge may control the scope of rebuttal testimony, may refuse to allow cumulative, repetitive, or irrelevant testimony, and may control ·the scope of examination of witnesses. If truth and fairness are not to be sacrificed, the judge must exert substantial control over the proceedings.

*Geders v. United States*, 425 U.S. 80, 86–87, 96 S.Ct. 1330, 1334–35, 47 L.Ed.2d 592 (1976) (citations omitted).

Part of that "substantial control" should be used by the court to fulfill its "duty to ensure that a criminal defendant receives a fair trial." *United States v. Bosch*, 584 F.2d 1113, 1124 (1st Cir.1978). A defendant has the right to be tried only on the crime charged. The district court, therefore, in order to insure a fair trial may use its discretion to prevent the introduction of evidence of more than one prior felony during the trial. The government has no absolute right to introduce more than one felony. That is all that is required for a conviction under § 1202(a)(1). The three felonies necessary for an increased sentence are *not* an element of an enhanced crime. *See Rumney*, 867 F.2d at 717–19.

The prejudice inherent in allowing other crimes, which are not elements of the crime charged, is obvious. Indeed, one of the reasons we held that the three felony sentence enhancement provision in § 1202(a) was not an element of a new crime was because "[s]uch a holding 'would require the government to place evidence of a defendant's three prior felony convictions before the jury in any proceeding under the ACCA. The inherently prejudicial nature of this kind of evidence is well known.' *Jackson*, 824 F.2d at 25 (citations omitted)." *Rumney*, 867 F.2d at 719; *cf. United States v. Badessa*, 752 F.2d 771, 776 (1st Cir.1985) ("When one of the counts in a multi-count indictment alleges that the defendant 'had been convicted of a crime punishable by imprisonment for a term exceeding one year,' as Count III alleges here, there is a potential for unfairness in the simultaneous trial of the counts containing no such allegations."). The absence of a congressional mandate for bifurcation was another reason for holding in favor of sentence enhancement in *Rumney*.

> Indeed, as originally drafted, the provision called for bifurcated trials to alleviate this prejudice. "Congressional action in refusing to provide for bifurcated trials in the enacted version of the ACCA again reflects upon Congress' intention not to create a new offense but rather merely to provide for a sentence enhancing provision applicable to recidivist offenders." *Brewer*, 853 F.2d at 1325 (footnote omitted).

*Rumney*, 867 F.2d at 719.

The Rules of Evidence also strongly disfavor the introduction of prior convictions when they are not probative of the elements of the crime charged. "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed.R.Evid. 404(b); *see also* Rule 609 (impeachment by prior crime only in certain instances); Rule 403 (evidence may be excluded where "its probative value is substantially outweighed by the danger of unfair prejudice" or where the evidence is needlesssly cumulative). Although Rule 404(b) would not keep out evidence designed to show an element of the crime, Rule 403 would keep out evidence of *sever-*

**30**

*al* prior convictions, where most of the evidence is cumulative and highly prejudicial.

We recognize, of course, that allowing evidence of more than one prior conviction may be within the trial court's discretion in some instances. *See United States v. Timpani,* 665 F.2d 1, 6 (1st Cir.1981). In that case, we held that, in the absence of a stipulation, it was reasonable for evidence of two prior convictions to be introduced. *Id.* The court noted that a stipulation by the defendant goes "far towards showing that the recitation of two prior convictions was unnecessary, unfair, and prejudicial...." *Id.*

A defendant, of course, cannot be forced to stipulate to an element of a crime; he has a right to put the government to its proof. And the lack of a stipulation to a prior felony does not automatically mean that the government is allowed to bring in a host of prior convictions. For the most part, "[p]rior convictions are highly verifiable matters of record...." *Rumney,* 867 F.2d at 719 (quoting *United States v. Brewer,* 853 F.2d at 1326). Thus, in the usual case, there is likely to be little need for evidence of more than one prior conviction.

If, as here, the government alleges numerous prior convictions in the indictment, the court may limit the government to fewer than all. It must allow evidence of one prior conviction; it may in its discretion permit evidence of more. This depends on the circumstances of the case viewed in light of the legal principles discussed.

### CONCLUSION

The district court's bifurcation order was improper. The court may, however, enter such orders as it deems necessary to protect the defendant's right to a fair trial.

The government's petition for mandamus is granted. The district court's bifurcation order is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

*So ordered.*