**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-3510

_____

UNITED STATES OF AMERICA

v.

JOEMON D. HIGDON,
a/k/a JOEMON HIGDOM,
a/k/a JOEMON DEANDRE HIGDON

Joemon D. Higdon, Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-09-cr-00742-001)
District Judge: Honorable Legrome D. Davis

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 21, 2012

Before:   AMBRO, VANASKIE AND ALDISERT, *Circuit Judges*

(Filed: August 16, 2012)

_____

OPINION

_____

VANASKIE, *Circuit Judge.*

Joemon D. Higdon was convicted by a jury on one count of possession of a

firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  Higdon now appeals,

arguing that the District Court abused its discretion by denying his motion to bifurcate the trial and by preventing him from cross-examining the arresting officers on the legality of his arrest. Higdon further contends that the District Court erroneously denied his motions to suppress evidence that he alleges was recovered after an illegal seizure. We reject each of Higdon's arguments and will affirm the District Court's judgment.

## I.

We write primarily for the parties, who are familiar with the facts and procedural history of this case. Accordingly, we set forth only those facts necessary to our analysis.

On September 20, 2009, police officers responding to a radio call about an individual in a pink shirt with a gun on the 5500 block of Beaumont Street in Philadelphia came across Higdon, who was on the sidewalk of Beaumont Street wearing a pink and white striped shirt. The officers testified that when they asked Higdon to stop, he instead continued walking away from them after looking back in their direction momentarily. After a few steps, Higdon crouched beside a minivan and the officers then heard the sound of a metallic object hitting the ground. One of the officers recovered the object, which turned out to be a handgun. Higdon continued to walk away from the officers until he was intercepted and detained.

Higdon was indicted by a grand jury in the Eastern District of Pennsylvania for one count of possession of a firearm by a convicted felon in or affecting interstate commerce, in violation of 18 U.S.C. § 922(g)(1). The statute states in relevant part that:

> (g) It shall be unlawful for any person— (1) who has been
> convicted in any court of, a crime punishable by
> imprisonment for a term exceeding one year. . . to ship or

2

transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

*Id.*

Higdon filed a motion to suppress the firearm recovered by the police at the time of his arrest. The District Court held a hearing and denied the motion to suppress, and then denied Higdon's motion to reconsider.

At trial, despite the government's objection, the District Court refused to inform the jury that Higdon had been previously convicted of a felony, barred the government from presenting evidence to establish that the handgun had traveled in interstate commerce, and deviated significantly from the Third Circuit model jury instructions. Because of this, the jury was never made aware of two of the three elements required for a conviction under 18 U.S.C. § 922(g)(1). The jury ultimately deadlocked, and a retrial was scheduled.

Prior to the retrial, the government filed a motion *in limine* requesting that the District Court inform the jury at the outset of the trial of the charge against Higdon, that the government be permitted to present to the jury evidence and argument regarding each of the elements of the offense, and that the Court instruct the jury at the conclusion of the trial on the elements of the crime. Higdon opposed the motion, and the District Court denied it. The government filed an appeal and petitioned for mandamus, and we granted relief, and further directed that the case be reassigned to a different District Judge. *See United States v. Higdon*, 638 F.3d 233 (3d Cir. 2011).

At this point Higdon renewed a prior motion to bifurcate the trial that had been stayed by the District Court pending the government's appeal. Under Higdon's motion, the jury would be informed of the prior felony element, but only after it determined whether Higdon possessed the firearm. The District Court denied Higdon's motion. The retrial began on May 31, 2011, and the jury returned a guilty verdict. The District Court imposed a sentence of 240 months of imprisonment, along with a five-year term of supervised release, a fine of $2,000, and a special assessment of $100. Higdon now appeals.

II.

The District Court had jurisdiction under 18 U.S.C. § 3231, and we have appellate jurisdiction under 28 U.S.C. § 1291.

A.

Higdon first argues that the District Court erroneously denied his motion to bifurcate the trial. Higdon contends that what distinguishes the crime of felon-in-possession from other offenses is that the government is allowed to inform the jury of the defendant's criminal history, even if this information is otherwise irrelevant. As such, Higdon believes the District Court's failure to bifurcate the trial irreversibly prejudiced the jury against him.

We review a District Court's trial management decisions for abuse of discretion. *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 609 (3d Cir. 1995) (citation omitted). Our review is plenary, however, when such rulings are based on an

4

interpretation of law. *See Gibbs v. Cross*, 160 F.3d 962, 964 (3d Cir. 1998) (citations omitted).

We had specifically noted in the government's pre-trial appeal that bifurcation under these circumstances was unlikely to be justified. *Higdon*, 638 F.3d at 244 (citing *United States v. Jacobs*, 44 F.3d 1219, 1223 (3d Cir. 1995)) ("[W]e have rejected a bifurcated procedure under similar circumstances."). This is because "Higd[o]n's prior conviction is not merely a consequential fact, it is *an element of the crime charged*." *Id.* at 243. As such, "bifurcation would deprive the jury of knowledge of the very crime with which the defendant was charged, which [is] an untenable result." *Id.* at 244 n.8 (citing *Jacobs*, 44 F.3d at 1223).

Possession of a firearm is not only legal for most people – it is a constitutional right. *See* U.S. Const. amend. II. It would cause undue confusion to have a jury first determine whether Higdon in fact possessed the firearm. A reasonable juror would properly question *why* Higdon's possession was criminal. *See United States v. Collamore*, 868 F.2d 24, 28 (1st Cir. 1989) ("Possession of a firearm by most people is *not* a crime. A juror who owns or who has friends and relatives who own firearms may wonder why [the defendant]'s possession was illegal. Doubt as to the criminality of [the defendant]'s conduct may influence the jury when it considers the possession element."). "As we explained in *Jacobs*, bifurcation under these circumstances puts the jury in the difficult position of deciding the guilt or innocence of a defendant without knowing all of the elements of the crime that is charged." *Higdon*, 638 F.3d at 244 n.8 (citing *Jacobs*, 44 F.3d at 1222). Accordingly, the District Court's decision to deny Higdon's motion for

5

bifurcation was not premised upon an erroneous interpretation of governing law, nor did it amount to an abuse of discretion.

B.

Higdon next argues that the District Court abused its discretion when it prevented him from questioning the arresting officers on the legality of his arrest during cross-examination. Higdon wished to develop a theory that the officers had fabricated the "crouch and drop" story to justify their stop of Higdon. The District Court barred this line of inquiry, however, because the legality of the arrest had already been determined when Higdon's motion to suppress was denied. Furthermore, the District Court was concerned that this line of questioning would confuse jurors. Higdon argues that this violated his Sixth Amendment right to confront witnesses against him.

We review limitations on cross-examination under the abuse of discretion standard. *United States v. Lore*, 430 F.3d 190, 208 (3d Cir. 2005) (citation omitted). We have established a two-part test to determine whether a District Court's limitation on cross-examination violates the Confrontation Clause: (1) did the ruling significantly inhibit the defendant's effective exercise of his right to inquire into the witness's motivation in testifying; and if so, (2) were the constraints imposed on the scope of cross-examination within those reasonable limits that a District Court, in due exercise of its discretion, is authorized to establish? *United States v. Silveus*, 542 F.3d 993, 1006 (3d Cir. 2008) (quoting *United States v. Chandler*, 326 F.3d 210, 219 (3d Cir. 2003)).

The District Court's ruling did not significantly inhibit Higdon's ability to challenge the credibility of the arresting officers. The District Court allowed Higdon's

6

counsel to question the officers on two police reports completed after the arrest, for example, and both officers admitted that neither report said anything about Higdon crouching or the sound of a metallic object hitting the ground. The District Court only stopped Higdon's counsel when he attempted to question one of the officers about his "understanding of what you're allowed to do in a situation like this." (A. 88.) As the District Court observed at a sidebar conference, this line of questioning would effectively amount to "litigating the motion to suppress in front of [the jury]." (A. 89.) The District Court then explained to the jury the difference between legal and factual questions in an attempt to dispel any potential confusion, and Higdon's counsel began a new line of questioning.

"[A] district court 'retains wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits' on cross-examination to avoid . . . confusion of issues." *Lore*, 430 F.3d at 208 (quoting *United States v. Mussare*, 405 F.3d 161, 169 (3d Cir. 2005)). The District Court neither significantly inhibited Higdon's effective exercise of his Confrontation Clause rights, nor were the constraints imposed outside of those reasonable limits that a District Court, in its discretion, has authority to establish.

C.

Higdon last argues that the District Court erroneously denied his motion to suppress because the arresting officers had unlawfully seized him when they asked him to stop. Higdon contends that the officers did not have reasonable suspicion to stop him under *Terry v. Ohio*, 392 U.S. 1 (1968), as he was merely dressed in attire similar to the clothing the individual described in the radio call was wearing. As such, Higdon argues

7

that the handgun should not have been admitted because it was recovered after an illegal seizure.

We review a District Court's denial of a motion to suppress for clear error as to the underlying facts. *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002). We exercise plenary review, however, of the District Court's application of the law to those facts. *Id.*

A seizure occurs where there is either an application of physical force to restrain movement, or submission to a show of police authority. *United States v. Brown*, 448 F.3d 239, 245 (3d Cir. 2006) (quoting *California v. Hodari D.*, 499 U.S. 621, 626 (1991)). "[I]f a suspect in the absence of physical force does not submit to an officer's show of authority, there is no seizure and no Fourth Amendment claim." *Brown*, 448 F.3d at 245 (citing *Hodari D.*, 499 U.S. at 626-27). Because there was no physical force applied here and because Higdon did not actually stop in response to the officers' demand, he cannot be considered to have been seized under the Fourth Amendment. The officers may have made a show of authority, but Higdon failed to comply with this authority. While Higdon did turn briefly to look at the officers in response to their command, a seizure requires submission to police authority that is "something more than a momentary pause." *United States v. Waterman*, 569 F.3d 144, 146 (3d Cir. 2009). Accordingly, the District Court did not err in denying Higdon's motion to suppress.

### III.

For the foregoing reasons, we will affirm the District Court's judgment.