**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 16-2677

_____

UNITED STATES OF AMERICA

v.

CHARLES THOMPSON,
                                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-15-cr-00222-001)
District Judge:  Hon. Mitchell S. Goldberg

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 12, 2017

Before:  SMITH, *Chief Judge*, JORDAN, and SHWARTZ, *Circuit Judges*.

(Opinion Filed:  January 17, 2017)

_____

OPINION*

_____

JORDAN, *Circuit Judge*.

Charles Thompson appeals his conviction for possession of a firearm by a felon

and his subsequent sentence.  Before his conviction, he filed two pretrial motions that are

_____

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

relevant to this appeal. He first moved to bifurcate his trial so that the jury would not know of his prior felony conviction when it deliberated about his alleged gun possession. He also moved to dismiss the indictment, arguing that the Court lacked subject matter jurisdiction because the felon-in-possession statute is unconstitutional. Both motions were denied. After he was convicted, he moved for a judgment of acquittal or, in the alternative, for a new trial. The Court denied that motion as well and sentenced him to 55 months' imprisonment.

On appeal, Thompson argues that the District Court erred by denying those three motions. Lastly, he argues that the Court imposed an unreasonable sentence under 18 U.S.C. § 3553(a). For the reasons that follow, we will affirm.

## I.    Background[1]

During the evening of April 17, 2015, Philadelphia police officers Victor Rodriguez and Robert Harris patrolled the area of 310 West Chelten Avenue watching for vehicle break-ins. During the patrol, Rodriguez saw three individuals in a parking lot, one of whom he later identified as Thompson. Rodriguez observed Thompson walk by himself to the back of the parking lot and begin urinating. As the officers drove closer, Rodriguez saw Thompson slowly turn while pulling a gun from his right pants pocket. Thompson dropped the gun on the ground and began to walk away.

Rodriguez got out of the police car, approached Thompson, and asked for his name. Thompson ran away without responding and Rodriguez pursued him. After a

_____

[1] Since Thompson was convicted and challenges the sufficiency of the evidence, we recount the facts in the light most favorable to the government. *See United States v. Anderskow*, 88 F.3d 245, 251 (3d Cir. 1996).

short foot chase, Thompson was detained and the officers put him in the back of their patrol car. The other two individuals in the parking lot were also questioned, but they were not arrested. Rodriguez went to the back of the parking lot to retrieve the gun after other officers arrived. He then went to Thompson again and asked his name, and Thompson responded falsely with his brother's name. Thompson was eventually booked under his real name and indicted on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).[2]

At trial, Thompson disputed several aspects of Rodriguez's version of the events of that night. He denied giving a false name when asked the second time. Instead, he claimed he gave the false name when asked the first time, and he ran when the officers started checking the false name in the database. Thompson also denied that he possessed a firearm and that he urinated at the back of the parking lot. He emphasized Officer Harris's testimony that he (Harris) never actually saw Thompson urinating and did not see a gun in Thompson's hands or even hear about it until after Rodriguez retrieved it.

The jury was unable to return a verdict, and a mistrial was declared. Thompson was tried again, and the second jury found him guilty. He was subsequently sentenced to 55 months in prison, a sentence that falls within the range of 46 to 57 months suggested

---

[2] 18 U.S.C. § 922(g)(1) states:

(g) It shall be unlawful for any person—(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

3

by the United States Sentencing Guidelines. Thompson did not contest that Guidelines calculation.

As earlier noted, however, he made three motions that are at issue in this appeal. Before each of his two trials, he moved to bifurcate the proceedings so that the jury would consider the question about firearm possession before addressing the question of whether he had a prior felony conviction. He also moved to dismiss the indictment, arguing that the felon-in-possession statute is unconstitutional. Those motions were denied before both trials.[3] After his conviction, he moved for a judgment of acquittal or, in the alternative, for a new trial. That motion was denied as well. Thompson now appeals the denial of his motions and the imposition of a sentence that he argues was unreasonable.

## II.    Discussion[4]

### A.    The District Court Did Not Abuse Its Discretion by Denying Thompson's Motion to Bifurcate the Trial

"We review the denial of a motion to bifurcate a trial ... for abuse of discretion."

*Thabault v. Chait*, 541 F.3d 512, 529 (3d Cir. 2008) (citing *Barr Labs., Inc. v Abbott*

---

[3] After the motion to bifurcate was denied, both trials proceeded with Thompson stipulating to the existence of his prior felony conviction.

[4] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction over the judgment and sentence order pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. While Thompson challenges the subject matter jurisdiction of the District Court, arguing that the felon-in-possession statute is unconstitutional, that argument fails for reasons set forth herein.

*Labs.*, 978 F.2d 98, 105 (3d Cir. 1992)). Here, the District Court acted well within its discretion.

In *United States v. Jacobs*, we held that a district court did not err by denying a motion to bifurcate a single-count felon-in-possession trial. 44 F.3d 1219, 1222-24 (3d Cir. 1995). That holding remains good law, but Thompson argues that it should be reevaluated in light of *Old Chief v. United States*, which held as a general rule that, in a felon-in-possession case, a district court abuses its discretion when it rejects a defendant's offer to stipulate to a prior conviction if "the name or nature of the prior offense raises the risk of a verdict tainted by improper considerations... ." 519 U.S. 172, 174, 191-92 (1997). Thompson also argues that we should extend our holding in *United States v. Joshua*, in which we held that bifurcation may be appropriate in certain cases. (Opening Br. at 24, 35-37 (citing *Joshua*, 976 F.2d 844 (3d Cir. 1992)).)

Despite those arguments, *Old Chief* does not require a trial court to bifurcate a single-count felon-in-possession case, and there may be good reasons not to do so. In *Jacobs*, we quoted the reasoning of the United States Court of Appeals for the First Circuit, which noted that there is a "dearth of cases" where bifurcation has occurred and only a single felon-in-possession count is at issue. *United States v. Collamore*, 868 F.2d 24, 28 (1st Cir. 1989) (quoted in *Jacobs*, 44 F.3d at 1222). The First Circuit opined that bifurcation

> would result in serious problems. ... [W]hen a jury is neither read the statute setting forth the crime nor told of all the elements of the crime, it may, justifiably, question whether what the accused did was a crime. ... Doubt as to the criminality of [the defendant's] conduct may influence the jury when it considers the possession element.

*Id*. Thus, while bifurcation for single-count cases is perhaps permissible, it is certainly not required, and the District Court did not abuse its discretion in declining to bifurcate.

**B.    The District Court Did Not Err by Denying Thompson's Motion to Dismiss**

Thompson says that this case should have been dismissed because the felon-in-possession statute is unconstitutional as exceeding Congress's Commerce Clause authority, which negates the District Court's jurisdiction. More specifically, he argues that the statute is unconstitutional because "the conduct it proscribes – the intrastate possession of a firearm – does not have a substantial effect on interstate commerce and does not constitute a valid exercise of Congress'[s] authority under the Commerce Clause." (Opening Br. at 47.) "[We] review[] challenges to the constitutionality of a statute under a *de novo* standard of review." *United States v. Fullmer*, 584 F.3d 132, 151 (3d Cir. 2009) (citing *United States v. Weatherly*, 525 F.3d 265, 273 (3d Cir. 2008)).

Thompson acknowledges, as he must, that the constitutionality of 18 U.S.C. § 922(g)(1) is well settled in our Circuit. *United States v. Singletary*, 268 F.3d 196, 205 (3d Cir. 2001) ("[P]roof ... that the gun had traveled in interstate commerce, at some time in the past, was sufficient to satisfy the interstate commerce element... ."). He states that he is only raising the argument to preserve it for what he hopes will be later review. There is thus no need to address the issue further at this point.

**C.    The District Court Did Not Err by Denying Thompson's Motion for a Judgment of Acquittal or, in the Alternative, a New Trial**

Following his conviction at the second trial, Thompson unsuccessfully sought a judgment of acquittal for insufficiency of the evidence. "We exercise plenary review

6

over a district court's grant or denial of a motion for acquittal based on the sufficiency of the evidence, applying the same standard as the district court." *United States v. Silveus*, 542 F.3d 993, 1002 (3d Cir. 2008) (citing *United States v. Brodie*, 403 F.3d 123, 133 (3d Cir. 2005)). Our review is "particularly deferential ... viewing the record in the light most favorable to the prosecution to determine whether any rational trier of fact could have found proof of guilt beyond a reasonable doubt based on the available evidence." *Silveus*, 542 F.3d at 1002 (internal quotations omitted). Under that standard, we do not act as a thirteenth juror. *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 431 (3d Cir. 2013). Rather, "the jury's verdict must be assessed from the perspective of a reasonable juror, and the verdict must be upheld as long as it does not fall below the threshold of bare rationality." *Id*. (internal quotations omitted). Furthermore, the district court draws all reasonable inferences in favor of the jury verdict, *United States v. Anderskow*, 88 F.3d 245, 251 (3d Cir. 1996), and we will reverse for insufficiency only when the "prosecution's failure is clear." *United States v. Smith*, 294 F.3d 473, 477 (3d Cir. 2002) (internal quotations omitted). There was no error in the District Court's denial of Thompson's motion for a judgment of acquittal because rational jurors could and indeed did reach a guilty verdict in this case.

Thompson argues that the government's evidence of possession was "unworthy of belief and frankly disgraceful." (Opening Br. at 41.) To make his point, he references discrepancies between the officers' testimonies: Harris testified that he did not see the gun until it was retrieved, that he was not informed of the gun until Rodriguez retrieved it, and that he did not actually see Thompson urinating. Thompson also gives an

7

alternative explanation for his flight and his decision to give his brother's name rather than his own when asked to identify himself. Given his preferred alternative version of the facts, he argues that Rodriguez's testimony was not credible.

But, of course, at this stage, the record and any inferences drawn from it must be construed in the government's favor. *Anderskow*, 88 F.3d at 251. Rodriguez testified that he saw Thompson dropping the gun. That alone is sufficient. Beyond that, although Harris did not say that he saw Thompson drop the gun, he did testify that he saw Thompson make a motion with his right hand. Harris also testified that he was splitting his attention between Thompson and the other men. Thompson acknowledged fleeing from the police. Rodriguez testified, corroborated by Harris, that he retrieved a gun from the location where Thompson had been at the back of the parking lot. The jury believed the evidence pointing to Thompson's guilt, and we will not disturb the verdict. *See United States v. Mike*, 655 F.3d 167, 174 (3d Cir. 2011) ("[W]e look to determine whether the evidence is sufficient ... [i]t is not for us to weigh the evidence or to determine the credibility of the witnesses." (second alteration in original) (internal quotations omitted)).

Thompson also asked for a new trial. "We review the denial of a motion for a new trial pursuant to Rule 33 for abuse of discretion." *Silveus*, 542 F.3d at 1005 (citation omitted). A new trial should be granted "only if [the district court] believes that there is a serious danger that a miscarriage of justice has occurred – that is, that an innocent person has been convicted." *Id*. at 1004-05 (internal quotations omitted). Rule 33 motions are "not favored and should be granted sparingly... ." *Id*. at 1005 (internal quotations

8

omitted). Thompson's case is not one of the exceptional cases that merits a new trial under Rule 33. The record here simply does not present any appearance of a miscarriage of justice. On the contrary, the evidence provides ample support for the conviction.

**D.    The District Court's Sentence is Not Unreasonable Under 18 U.S.C. § 3553(a)**

We review a sentence for reasonableness, applying "the familiar abuse-of-discretion standard of review... ." *Gall v. United States*, 552 U.S. 38, 46 (2007). First, we determine if the district court committed any procedural errors, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence... ." *Id*. at 51. Then, "[a]ssuming that the district court's sentencing decision is procedurally sound," we review the sentence for substantive reasonableness. *Id*. "When conducting this review, [we] ... take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id*. If the sentence falls within the Guidelines range, we may apply a presumption of reasonableness. *Id*. (citation omitted).

Thompson agreed with the District Court's offense level determination of 16 and the criminal history level of VI, which gave rise to a range of 46-57 months, and he acknowledges that the sentence falls within that range. Thus, the presumption of reasonableness applies and Thompson was obliged to rebut it. He did not.

He argues that the sentence "clashes with the primary directive of 18 U.S.C. § 3553(a), to 'impose a sentence sufficient, but not greater than necessary[,] to comply

9

with the purposes' of sentencing." (Opening Br. at 56-57 (quoting 18 U.S.C. § 3553(a)).) But his policy arguments do not undermine the reasonableness of the sentence imposed.[5] At the sentencing hearing, the Court reviewed the offense level and Guidelines range, and the parties agreed with the Court's determination. The Court afforded both sides time to present arguments. After hearing the arguments, the Court explicitly reviewed the § 3553(a) factors and reviewed Thompson's age, his multiple prior gun offenses, the need to protect the public from further crimes, the nature and seriousness of Thompson's current offense, the lack of deterrence evident in Thompson's criminal background, Thompson's future educational and vocational plans, and sentencing disparities. The Court then imposed a sentence of 55 months, on the upper end of the recommended range. The Court made a reasoned determination based on the totality of the circumstances. There was no abuse of discretion.

## III.    Conclusion

For the foregoing reasons, we will affirm Thompson's conviction and sentence.

---

[5] Under *Kimbrough v. United States*, 552 U.S. 85 (2007), a district court may vary from the Guidelines based on its disagreement with a particular Guideline. However, the ability to vary from the Guidelines does not impose an obligation to vary from them. *See United States v. Lopez-Reyes*, 589 F.3d 667, 671 (3d Cir. 2009) ("*Kimbrough* does not require a district court to reject a particular Guidelines range where that court does not, in fact, have disagreement with the Guideline at issue.").