

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br>Recurrido<br><br>v.<br><br>Alfredo Pagán Rojas<br>Peticionario<br>-----------------------------------<br>El Pueblo de Puerto Rico<br>Recurrido<br><br>v.<br><br>Jonathan Claudio Parrilla<br>Peticionario<br>-----------------------------------<br>El Pueblo de Puerto Rico<br>Peticionario<br><br>v.<br><br>Joel Lugo Morales<br>Luis G. Lugo Morales<br>Recurridos | Certiorari<br><br>2012 TSPR 184<br><br>187 DPR ____ |

Número del Caso:      CC-2010-583
                      CC-2010-749
                      CC-2011-373


Fecha: 10 de diciembre de 2012


Tribunal de Apelaciones:

        Región Judicial de Carolina


CC-2010-583

Abogada de la Parte Peticionaria:

        Lcda. Ana E. Andrade Rivera

Oficina del Procurador General:

        Lcda. Zaira Girón Anadón
        Subprocuradora General


CC-2010-749

Abogada de la Parte Peticionaria:

    Lcda. Ana E. Andrade Rivera

## CC-2011-373

Oficina del Procurador General:

      Lcda. Zaira Girón Anadón
      Subprocuradora General

Abogado de la Parte Recurrida:

   Lcda. Ana E. Andrade Rivera

Materia: Artículo 404 Ley de Sustancias Controladas

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>ALFREDO PAGÁN ROJAS<br><br>Peticionario | Núm.: **CC-2010-0583**<br><br>consolidado con | *Certiorari* |
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>JONATHAN CLAUDIO PARRILLA<br><br>Peticionario | Núm.: **CC-2010-0749**<br><br>consolidado con | |
| EL PUEBLO DE PUERTO RICO<br><br>Peticionario<br><br>v.<br><br>JOEL LUGO MORALES<br>LUIS G. LUGO MORALES<br><br>Recurridos | Núm.: **CC-2011-0373** | |

Opinión del Tribunal emitida por el Juez Asociado señor FELIBERTI CINTRÓN

En San Juan, Puerto Rico, a 10 de diciembre de 2012.

A pesar de que los recursos ante nuestra consideración envuelven eventos ocurridos en tiempos y lugares diversos y no tienen ninguna relación entre sí, todos presentan la misma controversia. Esto es, en procedimientos criminales ante jurado, ¿cuál es el momento

y la forma apropiada para que las circunstancias agravantes de la pena le sean sometidas a éste? Para ello debemos escudriñar si existen circunstancias en las que la inclusión de los agravantes en los pliegos acusatorios, desde el inicio del procedimiento criminal, pudiera conllevar una violación a los derechos fundamentales del acusado al exponerlo a un perjuicio indebido antes del jurado deliberar sobre su culpabilidad. Teniendo dichas interrogantes en mente, pasamos a pormenorizar los hechos que dan lugar a los recursos consolidados de epígrafe.

I

**CC-2010-0583**

El 25 de febrero de 2010 se presentaron dos (2) denuncias en contra del Sr. Alfredo Pagán Rojas (señor Pagán), una por tentativa de asesinato[1] y otra por infracción al Artículo 5.05 de la Ley de Armas de Puerto Rico (Ley de Armas),[2] por hechos acaecidos un día antes, es decir, el 24 de febrero de 2010.

Celebrada la vista preliminar, el juez que presidió la misma encontró causa probable para acusar al señor Pagán por los delitos imputados. Posteriormente, se presentaron las respectivas acusaciones.

---

[1]     Artículo 106(a) del Código Penal de 2004, 33 L.P.R.A. sec. 4734(a) (2010). Véase, además, el Artículo 35 del mismo cuerpo legal, 33 L.P.R.A. sec. 4663 (2010).

[2]     25 L.P.R.A. sec. 458d (2008).

El 7 de mayo de 2010 el señor Pagán presentó una moción solicitando la eliminación de los agravantes del pliego acusatorio. En la misma sostuvo que será el juez quien, bajo su discreción, determinará qué agravantes deberán pasar al jurado, como parte de las instrucciones, llegado el momento de la deliberación.

El 11 de mayo de 2010 el Ministerio Público sometió su oposición a la aludida moción solicitando eliminación de los agravantes, indicando que, según lo resuelto por este Tribunal en Pueblo v. Santana Vélez, 177 D.P.R. 61 (2009), la no inclusión de los agravantes en el pliego acusatorio violentaría el debido proceso de ley del acusado.

Así las cosas, el 27 de mayo de 2010 el Tribunal de Primera Instancia emitió una Resolución,[3] mediante la cual acogió la solicitud de la defensa y le ordenó al Ministerio Público eliminar los agravantes de los pliegos acusatorios. Entendió el foro primario que "incluir los agravantes… en la acusación tendría un efecto inflamatorio, perjudicial, grave, sustancial e insubsanable en el imputado de ser el juicio uno por jurado". El foro primario llegó a la anterior conclusión, basado en la premisa de que los miembros del jurado

---

[3] Notificada y archivada en autos copia de la misma el 28 de mayo de 2010.

podrían confundir los agravantes con elementos probados del delito y emitir una determinación de culpabilidad.

Inconforme con tal determinación del foro primario, el Procurador General recurrió, mediante recurso de *certiorari*, ante el Tribunal de Apelaciones.[4] Argumentó, en síntesis, que a tenor con lo resuelto en Apprendi v. New Jersey, 530 U.S. 466 (2000), y su progenie, en los casos ventilados ante jurado, tanto los elementos del delito como los factores que aumentan la pena tienen que imputarse en la acusación y ser probados a satisfacción del jurado más allá de duda razonable.

El señor Pagán se opuso a la expedición del recurso alegando que poner al jurado en conocimiento de los agravantes, previo al veredicto, le ocasionaría perjuicios indebidos y violentaría sus derechos constitucionales.

El 30 de junio de 2010 el Tribunal de Apelaciones dictó Sentencia mediante la cual expidió el auto de *certiorari* y revocó la Resolución emitida por el Tribunal de Primera Instancia. Entendió dicho foro que, en ese caso, dado que los agravantes incluidos en la acusación estaban indisolublemente vinculados con los delitos imputados, ello no infringiría el debido proceso de ley. Advirtió que, por el contrario, de esta forma el acusado quedaba informado de todos los hechos imputados en su contra para poder delinear su defensa efectivamente.

---

[4] Petición de *certiorari* presentada el 23 de junio de 2010.

No conforme con dicha determinación, el señor Pagán acudió ante nos señalando los siguientes errores:

> A. Erró el Tribunal de Apelaciones al resolver que la inclusión de circunstancias agravantes en los pliegos acusatorios presentados contra el peticionario en el caso de marras, no está reñida con lo resuelto en el caso de Pueblo v. Santana Vélez, 2009 T.S.P.R. 158.

> B. Erró el Tribunal de Apelaciones al revocar la resolución emitida por el Tribunal de Primera Instancia que ordenó eliminar los agravantes alegados en los pliegos acusatorios presentados contra el Sr. Alfredo Pagán Rojas, ya que someter los mismos al jurado antes de rendir un veredicto causaría perjuicio indebido al peticionario.

El 2 de julio de 2010 el señor Pagán presentó, además, una moción en auxilio de jurisdicción solicitando la paralización de los procedimientos ante la cercanía de la celebración del juicio en su fondo.

Mediante Resolución emitida el 6 de julio de 2010, expedimos el auto de *certiorari* solicitado y ordenamos la paralización de los procedimientos pendientes ante el Tribunal de Primera Instancia.

**CC-2010-0749**

Los recursos CC-2010-0583 y CC-2010-0749 fueron consolidados dado que, aunque versan sobre situaciones fácticas que no tienen relación entre sí, plantean la misma controversia. Veamos.

El 9 de abril de 2010 se presentó una denuncia contra el Sr. Jonathan Claudio Parrilla (señor Claudio) por infracción al Artículo 404 de la Ley de Sustancias Controladas,[5] por posesión de heroína sin autorización en ley para ello.

Celebrada la vista preliminar, el foro de instancia determinó causa probable para acusar al señor Claudio y, de conformidad, autorizó la presentación de la correspondiente acusación.

La acusación, además de imputar la infracción al Artículo 404 de la Ley de Sustancias Controladas, *supra*, y el estatus de reincidente del acusado, incluyó como agravante que el acusado había planificado el hecho delictivo.

Inconforme, el 9 de junio de 2010 el señor Claudio sometió una moción para solicitar la eliminación de los agravantes de la acusación. Alegó que éstos forman parte de las instrucciones que el juez de instancia deberá impartir al jurado al momento de la deliberación, luego de un análisis de la prueba presentada.

El 18 de junio de 2010 el Ministerio Público sometió su oposición a la moción antes aludida, bajo el argumento de que la no inclusión implicaría violentar el debido proceso de ley del acusado.

---

[5]     24 L.P.R.A. sec. 2404 (2011).

Atendiendo la solicitud del señor Claudio, el 21 de junio de 2010 el Tribunal de Primera Instancia emitió Resolución ordenándole al Ministerio Público eliminar los agravantes del pliego acusatorio. No conforme con dicha determinación, el Procurador General recurrió oportunamente ante el Tribunal de Apelaciones. En cumplimiento con una Resolución del tribunal apelativo intermedio, el 23 de julio de 2010 el señor Claudio presentó un Escrito de Mostrar Causa, oponiéndose a la expedición del recurso instado por el Procurador General.

El 12 de agosto de 2010 el Tribunal de Apelaciones dictó Sentencia mediante la cual revocó la Resolución emitida por el foro primario, permitiendo, de ese modo, la inclusión de las circunstancias agravantes en la acusación del señor Claudio. Razonó dicho foro que al incluir los agravantes en la acusación, el acusado advendría en conocimiento de todos los hechos imputados, lo que sería beneficioso para fines de preparar su defensa. Añadió que, en casos como el presente, en los cuales los agravantes están indisolublemente vinculados con el delito, nada gana el acusado con eliminarlos de la acusación, pues la prueba de cargo necesariamente los incluirá.

En desacuerdo con la Sentencia emitida por el Tribunal de Apelaciones, el 20 de agosto de 2010 el señor

Claudio acudió ante nos señalando la comisión de los siguientes errores:

> A. Erró el Tribunal de Apelaciones al resolver que en nada se vulnera el debido proceso de ley al permitir que se incluyan las circunstancias agravantes alegadas en el pliego acusatorio presentado contra el Sr. Jonathan Claudio Parrilla, ya que el Artículo 73 de nuestro Código Penal impide que las mismas sean consideradas para agravar la pena.

> B. Erró el Tribunal de Apelaciones al revocar la Resolución del Tribunal de Primera Instancia que ordenó eliminar los agravantes alegados en los pliegos acusatorios presentados contra el Sr. Jonathan Claudio Parrilla, ya que someter los mismos al jurado antes de rendir un veredicto causaría perjuicio indebido al peticionario por la influencia indebida e irreparable que estos tendrían sobre el jurado al momento de rendir su veredicto.

Junto con la petición de *certiorari*, presentó, además, una moción en auxilio de jurisdicción, solicitando la paralización de los procedimientos ante el Tribunal de Primera Instancia, dada la cercanía de la fecha del juicio en su fondo[6] y en aras de que no se tornara en académica su solicitud.

Examinada la moción en auxilio de jurisdicción, el 24 de agosto de 2010 emitimos una Resolución mediante la cual ordenamos la paralización del juicio en su fondo y la consolidación del recurso de autos con el CC-2010-583. Además, expedimos el auto de *certiorari* solicitado.

---

[6]    El juicio estaba pautado para el 25 de agosto de 2010.

**CC-2011-0373**

Posterior a la consolidación de los casos antes reseñados, se presentó el recurso CC-2011-0373. Por plantear una controversia similar a la de los otros dos (2) recursos, el 19 de agosto de 2011 emitimos Resolución ordenando la consolidación del recurso CC-2011-0373 con estos. A continuación resumimos los hechos que dieron paso a este último recurso.

El 19 de marzo de 2010 se presentaron varias denuncias en contra del Sr. Luis Lugo Morales (Sr. Luis Lugo) y el Sr. Joel Lugo Morales (Sr. Joel Lugo) por los siguientes delitos: asesinato en primer grado,[7] dos (2) cargos por tentativa de asesinato,[8] y dos (2) cargos por infracción al Artículo 5.04 de la Ley de Armas.[9] Además, al Sr. Joel Lugo se le sometieron dos (2) cargos por infracción al Artículo 5.15 de la Ley de Armas.[10]

Conforme a los requerimientos procesales para delitos de naturaleza grave, el 21 de abril de 2010 se celebró la vista preliminar en contra del Sr. Luis Lugo. En la misma se encontró causa probable para acusarlo por los delitos de asesinato en primer grado e infracción al Artículo 5.04 de la Ley de Armas, *supra*. Del mismo modo, se celebró la

---

[7]     Artículo 106 del Código Penal de 2004, 33 L.P.R.A. sec. 4734 (2010).

[8]     Artículos 35 y 106 del Código Penal de 2004, *supra.*

[9]     25 L.P.R.A. sec. 458c (2008).

[10]    25 L.P.R.A. sec. 458n (2008).

vista preliminar en contra del Sr. Joel Lugo. Como resultado de la misma, se encontró causa probable para acusarlo por los delitos de asesinato en primer grado, por infracción al Artículo 5.04 de la Ley de Armas (dos cargos), *supra*, y por infracción al Artículo 5.15 de la Ley de Armas (dos cargos), *supra*.

El 13 de julio de 2010 se presentaron acusaciones enmendadas conjuntas en contra de ambos imputados. En las mismas, además de los elementos de los delitos, se alegaron circunstancias agravantes para fines de las penas que, en su día, pudieran recaer sobre ellos. No conforme con la inclusión de los agravantes, el Sr. Joel Lugo presentó una moción ante el Tribunal de Primera Instancia solicitando la eliminación de los mismos.[11] Basó su contención en el hecho de que someter "los agravantes en las acusaciones tendría un efecto inflamatorio, perjudicial, grave, sustancial e insubsanable en el acusado". El Ministerio Público sometió su oposición alegando que para que el jurado pudiera entender en los agravantes, según lo resuelto por el caso Pueblo v. Santana Vélez, *supra*, los mismos debían ser incluidos en la acusación. Argumentó, además, que dicho curso de acción era una exigencia del debido proceso de ley.

---

[11] A pesar de no haber sometido ningún escrito a tales efectos, de los autos surge que el Sr. Luis Lugo manifestó, en corte abierta, que se unía al reclamo del Sr. Joel Lugo.

En la conferencia con antelación al juicio celebrada el 16 de septiembre de 2010, el foro primario declaró con lugar la moción solicitando la eliminación de los agravantes, por lo que, como resultado, ordenó al Ministerio Público la eliminación de los mismos.[12]

Inconforme, la entonces Procuradora General acudió al Tribunal de Apelaciones alegando que el Tribunal de Primera Instancia había errado al ordenar la eliminación de los agravantes de las acusaciones.

En respuesta, los acusados presentaron escritos por separado oponiéndose a la expedición del recurso de *certiorari* solicitado. Adujeron, en síntesis, que el foro primario había actuado correctamente al decretar la eliminación de los agravantes de la acusación, bajo la premisa de que se les causaría un perjuicio indebido de someter los mismos al jurado antes de que éstos rindieran un veredicto. Señalaron, además, que el Ministerio Público tenía disponible las vistas provistas en las Reglas 162.4 y 171 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 162.4 y R. 171 (2004 y Supl. 2011), las cuales vislumbran la posibilidad de probar los agravantes ante el jurado luego de rendido un veredicto.

---

[12]   Anterior a la celebración de dicha vista, el 13 de septiembre de 2010 el Tribunal de Primera Instancia había emitido una Orden que expresaba, en su parte pertinente: "El Ministerio Fiscal someterá los pliegos acusatorios enmendado[s], a los fines que los mismos no incluyan alusión alguna a 'agravantes'".

El 30 de diciembre de 2010 la Procuradora General presentó una moción en auxilio de jurisdicción solicitando la paralización de los procesos ventilándose ante el tribunal de instancia. Ese mismo día, el foro apelativo intermedio ordenó la paralización de los procedimientos, según solicitado.

El 24 de febrero de 2011 el Tribunal de Apelaciones, por voz de la Hon. Olga Birriel Cardona, Juez de Apelaciones, dictó Sentencia mediante la cual concluyó que para atender los reclamos de las partes, lo que procedía era presentar una acusación y un pliego de agravantes en documentos separados. De ese modo, los agravantes no le serían suministrados al jurado antes de éstos emitir el veredicto correspondiente.

Inconforme aún, la Procuradora General acudió ante nos planteando como único señalamiento de error lo siguiente:

> Erró el Tribunal de Apelaciones al resolver que no procede alegar, en una acusación, los hechos que agravan la pena más allá del máximo estatutario.

Vistos los recursos presentados acordamos expedir. La controversia que está hoy ante nuestra consideración se circunscribe a determinar cuál es el momento apropiado para que las circunstancias agravantes de la pena le sean sometidas al jurado de modo que se garanticen los derechos fundamentales del acusado a una debida notificación de todo aquello que se le imputa, a la vez de salvaguardarle

un debido proceso de ley ante un jurado justo e imparcial y sin que se afecte su derecho a la presunción de inocencia.

Luego de contar con la comparecencia de todas las partes nos encontramos en posición de resolver y así procedemos a hacerlo.

## II

### A. Debido Proceso de Ley y la Notificación Adecuada

Uno de los derechos fundamentales que cobija a toda persona que enfrenta una acusación en su contra es el derecho a ser juzgado siguiendo el proceso establecido en ley. Dicho derecho, reconocido como uno de estirpe constitucional, se encuentra consagrado en las Enmiendas V y XIV de la Constitución de los Estados Unidos,[13] así como en el Artículo II, Sección 7 de la Constitución de Puerto Rico.[14] El derecho fundamental al debido proceso de ley se manifiesta en dos (2) dimensiones: la sustantiva y la procesal. Domínguez Castro *et al*. v. E.L.A. I, 178 D.P.R. 1 (2010). En su esfera sustantiva, "el Estado está impedido de aprobar leyes o realizar alguna actuación que afecte de manera irrazonable, arbitraria o caprichosa los

---

[13] Emdas. V y XIV, Const. EE.UU., L.P.R.A., Tomo 1, ed. 2008. El principio cardinal del debido proceso de ley aparece recogido en la Enmienda V de la Constitución de los Estados Unidos de la siguiente manera: "nadie… será privado de su vida, de su libertad o de su propiedad, sin el debido proceso de ley…". Íd. Del mismo modo establece la Enmienda XIV del referido cuerpo legal: "ningún estado privará a persona alguna de su vida, de su libertad o de su propiedad, sin el debido procedimiento de ley…". Íd.

[14] Art. II, Sec. 7, Const. P.R., L.P.R.A., Tomo 1, ed. 2008. Éste provee en su parte pertinente lo siguiente: "[n]inguna persona será privada de su libertad o propiedad sin [un] debido proceso de ley…". Íd.

intereses de propiedad o libertad de los individuos…". Hernández v. Secretario, 164 D.P.R. 390, 394-395 (2005) (citas omitidas).

En su vertiente procesal, por su parte, el debido proceso de ley le impone al Estado la obligación de garantizar a los individuos que cualquier interferencia con sus intereses de propiedad o libertad se hará a través de un procedimiento que será justo y equitativo. Calderón Otero v. C.F.S.E., 181 D.P.R. 386 (2011); Pueblo v. Montero Luciano, 169 D.P.R. 360 (2006). Por ello, el debido proceso de ley en su ámbito procesal comprenderá todas las garantías procesales mínimas que el Estado deberá proveer a todo individuo ante cualquier intromisión con su vida, propiedad o libertad. Álamo Romero v. Adm. de Corrección, 175 D.P.R. 314 (2009).

En aras de levantar un reclamo de debido proceso de ley, deberá existir un interés individual de propiedad o libertad que pueda verse afectado por la intervención del Estado. Picorelli López v. Depto. de Hacienda, 179 D.P.R. 720 (2010); Pueblo v. Esquilín Maldonado, 152 D.P.R. 257 (2000). "Identificado dicho interés, procede determinar cuál es el procedimiento exigido, procedimiento que debe caracterizarse por ser justo e imparcial." Hernández v. Secretario, supra, pág. 395.

Hemos reconocido, en un sinnúmero de ocasiones, que el debido proceso de ley, en su modalidad procesal,

instituye varios requisitos fundamentales con los que todo procedimiento adversativo debe cumplir para garantizar las exigencias mínimas del mismo. Entre ellos cabe destacar:

> (1) **notificación adecuada del proceso**; (2) proceso ante un juez imparcial; (3) oportunidad de ser oído; (4) derecho a contrainterrogar testigos y examinar evidencia presentada en su contra; (5) tener asistencia de abogado, y (6) que la decisión se base en el récord. Domínguez Castro *et al.* v. E.L.A. I, *supra*, pág. 47 (citando a Rivera Rodríguez & Co. v. Lee Stowell, etc., 133 D.P.R. 881, 889 (1993)) (corchetes omitidos y énfasis nuestro); Hernández v. Secretario, *supra*, págs. 395-396.

De modo que para que un procedimiento cumpla con el debido proceso de ley en su vertiente procesal, éste debe comenzar con una notificación adecuada del proceso. A tono con dicho principio, tanto la Enmienda VI de la Constitución de los Estados Unidos,[15] como la Sección 11 del Artículo II de la Constitución de Puerto Rico,[16] reconocen que en todo encausamiento criminal el acusado tendrá derecho a ser notificado de la causa de acción en su contra. Específicamente dispone nuestra Carta Magna,[17] en su parte pertinente: "En todos los procesos criminales, el acusado disfrutará del derecho… **a ser notificado de la naturaleza y causa de la acusación recibiendo copia de la**

---

[15]     Emda. VI, Const. EE. UU., L.P.R.A., Tomo 1.

[16]     Art. II, Sec. 11, Const. P.R., L.P.R.A., Tomo 1.

[17]     Aun cuando la Constitución federal no reconoce el derecho del acusado a obtener copia de la acusación en su contra, consagra el derecho a la adecuada notificación, al disponer, en su parte pertinente: "En todas las causas criminales, el acusado  gozará del derecho… a ser informado de la naturaleza y causa de la acusación…". Emda. VI, Const. EE. UU., *supra*.

**misma**…". Art. II, Sec. 11, Const. P.R., L.P.R.A., Tomo 1 (énfasis nuestro).

Es a través del debido proceso de ley, como de la disposición constitucional antes reseñada, que se le exige al Estado el deber de informar adecuadamente al acusado de la naturaleza y extensión del delito por el cual se le acusa. Pueblo v. González Olivencia, 116 D.P.R. 614 (1985). Será, entonces, por medio de la acusación o de la denuncia que el fiscal cumplirá con su deber de informar. Pueblo v. Montero Luciano, *supra*.

La Regla 34 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 34 (2004), define la acusación como aquella "alegación escrita hecha por un fiscal al Tribunal de Primera Instancia en la cual se imputa a una persona la comisión de un delito". Sobre el contenido de la misma el inciso (c) de la Regla 35 del mismo cuerpo legal, 34 L.P.R.A. Ap. II, R. 35 (Supl. 2011), establece que ésta ha de incluir una exposición de los hechos esenciales constitutivos del delito utilizando para ello términos sencillos y claros, de modo que cualquier persona de inteligencia común pueda entenderla. Pueblo v. González Olivencia, *supra*.

El propósito de la acusación "no es cumplir mecánicamente con una forma ritual, sino informar al acusado el delito que se le imputa, de tal suerte que pueda preparar adecuadamente su defensa…". Pueblo v.

Meléndez Cartagena, 106 D.P.R. 338, 341 (1977) (citas omitidas). Es decir, el pliego acusatorio le permitirá al acusado preparar su defensa de conformidad con los hechos que en éste se imputan. Pueblo v. Ríos Alonso, 156 D.P.R. 428 (2002).

Así, reiteradamente hemos destacado que, aunque no hay una forma específica para redactar las acusaciones, es imprescindible que la misma sirva como una notificación adecuada y completa del delito imputado. Pueblo v. Calviño Cereijo, 110 D.P.R. 691 (1981).

Además de que, como mencionamos anteriormente, la acusación o denuncia tiene que exponer todos los hechos que forman parte del tipo delictivo, en Pueblo v. Montero Luciano, *supra*, resolvimos que, conforme a las disposiciones de la Regla 48 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 48 (2004), si el Ministerio Público quiere alegar la condición de reincidente del acusado, viene obligado a incluir sus convicciones anteriores en dicha acusación o denuncia.

A esos efectos, específicamente dispone la Regla 48 de Procedimiento Criminal, *supra,* lo siguiente:

> Una acusación o denuncia no deberá contener alegación alguna de convicciones anteriores del acusado, a menos que una alegación en tal sentido fuere necesaria para imputar la comisión de un delito, o para alegar la condición de reincidente, de subsiguiente o de delincuencia habitual en relación con el acusado.

Reconocimos que "[d]icha disposición forma parte de la protección constitucional del acusado de estar debidamente informado de los cargos en su contra, y con la obligación del fiscal de probar todos los elementos de un delito más allá de duda razonable". Pueblo v. Montero Luciano, *supra*, pág. 375. Es, entonces, por virtud de la propia Regla 48 de Procedimiento Criminal, *supra*, que se estableció el deber del Ministerio Público de alegar la reincidencia en la acusación, aun cuando esta condición no sea un elemento constitutivo del delito. Íd. pág. 388.

**B.  Pueblo v. Santana Vélez**, *supra,* **y el derecho a juicio por jurado**

El derecho a juicio por jurado, también de estirpe constitucional, se encuentra consagrado en la Sección 11 del Artículo II de la Constitución de Puerto Rico.[18]  La mencionada disposición establece sobre el particular lo siguiente:

....

> En los procesos por delito grave el acusado tendrá derecho a que su juicio se ventile **ante un jurado imparcial** compuesto por doce vecinos del distrito, quienes podrán rendir veredicto por mayoría de votos en el cual deberán concurrir no menos de nueve.

Íd. (énfasis nuestro).

En la jurisdicción federal, hace aproximadamente una década, el Tribunal Supremo se confrontó ante una

---

[18]    Art. II, Sec. 11, Const. P.R., *supra*.

controversia que requería armonizar el derecho del acusado a que cualquier determinación que implicara la pérdida de su libertad se hiciese cumpliendo con el debido proceso de ley (Enmienda XIV), a la vez que garantizara su derecho a disfrutar de un juicio rápido y público ante un jurado imparcial (Enmienda VI). En Apprendi v. New Jersey, *supra*, el Máximo Foro Federal resolvió que, excepto por aquellos hechos relacionados con la reincidencia, cualquier circunstancia que aumente la pena de un delito más allá del límite estatutario tiene que ser sometido ante el jurado y probado más allá de duda razonable.

Como resultado de esta norma, nos enfrentamos, hace tres (3) años, a cuestionamientos de la misma índole. Así, en Pueblo v. Santana Vélez, *supra*, tuvimos la oportunidad de adoptar esta pauta en nuestra jurisdicción. Cónsono con la directriz federal resolvimos que, en los casos ventilados ante jurado, los agravantes de la pena tienen que ser sometidos ante éste y ser probados más allá de duda razonable, salvo que los mismos sean aceptados por el acusado. Todo lo anterior en abierto reconocimiento al derecho constitucional del acusado a disfrutar plenamente de su juicio por jurado.[19]

---

[19] En la nota al calce número seis (6) de Pueblo v. Santana Vélez, 177 D.P.R. 61, 77 n. 6 (2009), hicimos la salvedad de que aun cuando dicho caso se ventiló al amparo de las disposiciones del Código Penal de 1974, los principios constitucionales esbozados por el Tribunal Supremo de Estados Unidos, reconocidos en dicha opinión, son igualmente aplicables a las disposiciones del Código Penal de 2004.

Aprovechamos esa oportunidad, además, para establecer los procedimientos a seguirse en la determinación de los agravantes, cuando los casos son ventilados ante jurado. En específico, dispusimos:

> En casos en que los agravantes surjan de la prueba admisible presentada, el Ministerio Público podrá solicitar al Tribunal que éstos se le sometan al jurado en conjunto con la determinación de culpabilidad o inocencia. En caso de que el jurado emita un veredicto de culpabilidad, deberá determinar igualmente si encontró probados más allá de duda razonable los agravantes imputados.

> Por el contrario, si es necesario presentar prueba adicional a la requerida para establecer la comisión del delito que no sería admisible durante el juicio o si el juez considera que se le causaría un perjuicio indebido al acusado al someter los agravantes antes de rendirse el veredicto, entonces el procedimiento a seguir será similar al que se lleva a cabo actualmente al amparo de las Reglas de Procedimiento Criminal. Según las Reglas 162.4 y 171 de Procedimiento Criminal tanto el acusado como el fiscal podrán solicitar del tribunal que escuche prueba de circunstancias atenuantes o agravantes a los fines de la imposición de la pena…. El Ministerio Público podrá hacer uso de las vistas que conceden dichas reglas para presentar prueba sobre los agravantes que estime pertinentes imputar. El Jurado, en esos casos, no sería disuelto inmediatamente luego de emitirse el veredicto, sino que tendrían que realizar la determinación de los agravantes más allá de duda razonable a base de la prueba desfilada en el juicio o a base de prueba adicional que el Ministerio Público presente en dicha vista. De los agravantes no ser probados más allá de duda razonable por el Jurado, el juez estará obligado a imponer la pena fija, salvo que considere probadas circunstancias atenuantes que le permitan conceder una pena menor. Pueblo v. Santana Vélez, *supra*, págs. 77-78 (notas al calce y cita omitidas).

Según intimado en <u>Pueblo v. Santana Vélez</u>, *supra*, para presentar prueba sobre la existencia de atenuantes o agravantes, las Reglas de Procedimiento Criminal contemplan la posibilidad de celebrar una vista separada a esos efectos. Sobre el particular, la Regla 162.4 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 162.4 (2004), expresa, en su parte pertinente lo siguiente:

> Tanto el acusado como el fiscal podrán solicitar del tribunal que escuche prueba de circunstancias atenuantes o agravantes a los fines de la imposición de la pena. Si de las alegaciones sometidas surgiere que existe controversia real sobre un hecho material que requiriere la presentación de prueba, entonces el tribunal celebrará una vista en el más breve plazo posible….
>
> ....

Del mismo modo, la Regla 171 del mismo cuerpo legal, 34 L.P.R.A. Ap. II, R. 171 (Supl. 2011), vislumbra esta opción al disponer que el tribunal puede, ya sea *motu proprio*, o a instancia de cualquiera de las partes, oír, en el más breve plazo posible, prueba de circunstancias agravantes o atenuantes para fines de la imposición de la pena.

La importancia de fijar una norma sobre cómo han de establecerse los agravantes, en los casos ventilados ante jurado, quedó al descubierto en la esfera federal desde <u>Apprendi v. New Jersey</u>, *supra*. Posteriormente, el Tribunal Supremo federal se enfrentó a otros cuestionamientos de la misma índole, por lo que la norma

fue extendida a varios sistemas de imposición de penas. Véase, por ejemplo, Cunningham v. California, 549 U.S. 270 (2007) (donde el Tribunal Supremo federal sostuvo que la Ley de Sentencias Determinadas del Estado de California, la cual autorizaba al juez y no al jurado, a pasar juicio sobre hechos que exponían al acusado a una pena más allá del límite estatutario, violentaba el derecho del acusado a un juicio por jurado); United States v. Booker, 543 U.S. 220 (2005) (donde se estableció que las guías federales de imposición de penas están sujetas a los requerimientos de la Sexta Enmienda) y Blakely v. Washington, 542 U.S. 296 (2004) (donde se sostuvo que imponer al acusado una pena más allá del límite estatutario, bajo el fundamento de que el juez sentenciador encontró que el acusado actuó con deliberada crueldad, violenta el derecho del acusado a juicio por jurado salvaguardado en la Sexta Enmienda).[20]

Debido a que Pueblo v. Santana Vélez, *supra*, fue decidido bajo las disposiciones del Código Penal de 1974, es menester revisar qué dispone el Código Penal de 2004, sobre el particular.[21]

---

[20] En una opinión reciente del Tribunal Supremo federal, S. Union Co. v. United States, 567 U.S. ____ (2012), 132 S. Ct. 2344, 2012 WL 2344465 (21 de junio de 2012), dicho Máximo Foro extendió la norma de Apprendi v. New Jersey, 530 U.S. 466 (2000), a la imposición de multas penales.

[21] Debido a que los eventos relevantes a los recursos de epígrafe sucedieron previo al 1 de septiembre de 2012, fecha en la cual entró en vigor el nuevo Código Penal de 2012 mediante la aprobación de la Ley Núm. 146 de 30 de julio de 2012, utilizamos las disposiciones sustantivas correspondientes al Código Penal de 2004.

A esos efectos, el Artículo 74 de dicho Código Penal, 33 L.P.R.A. sec. 4702 (2010), específicamente dispone:

En la fijación de la pena se observarán, según haya o no circunstancias atenuantes o agravantes, las siguientes reglas:

(a) Cuando no concurran circunstancias atenuantes ni agravantes, o cuando concurran unas y otras, se seleccionará la pena mediana del intervalo de pena señalado en este Código para el delito, tomando en consideración las circunstancias personales del convicto, las necesidades de prevención y la mayor o menor gravedad del hecho.

(b) Cuando concurran una o varias circunstancias agravantes se seleccionará la pena de la mitad superior del intervalo de pena establecido por este Código para el delito.

(c) Cuando concurran dos o más circunstancias atenuantes o una sola, pero que el juez estime de peso, se seleccionará la pena de la mitad inferior del intervalo de pena establecido por este Código para el delito.

Así pues, según el modo como se encontraba diseñado nuestro sistema de derecho penal al momento de los hechos objeto de los recursos ante nuestra consideración, igualmente le es de aplicación la norma establecida en Pueblo v. Santana Vélez, *supra*, a los casos en que el juicio no se celebre ante un tribunal de derecho.[22] A esos efectos, será menester que sea el jurado el responsable de hacer una determinación concerniente a los agravantes de manera que ponga al tribunal sentenciador en posición de

---

[22]     Cabe señalar que aunque las provisiones del ya derogado Código Penal de 2004 son las aplicables a los hechos presentes en los recursos de epígrafe, nuestros pronunciamientos en esta Opinión son de igual aplicación bajo el nuevo Código Penal de 2012.

decretar la pena que corresponda, según la apreciación de los hechos que realice el jurado.

La aplicación de lo resuelto en Apprendi v. New Jersey, *supra*, en lo que respecta al rol del jurado cuando se atribuyen agravantes, ha generado debate entre los tribunales sobre el contenido de los pliegos acusatorios. Algunos estados han optado por incluir los agravantes en este documento. Véase, por ejemplo, State v. Wimbish, 555 S.E.2d 329 (2001). Otros, sin embargo, aun cuando han reconocido que los agravantes tienen que ser sometidos al jurado y probados ante éstos más allá de duda razonable, han sostenido que no por ello los agravantes deban formar parte de la acusación. Véanse, por ejemplo, State v. Sánchez, 242 P.3d 692 (2010); Skinner v. State, 843 So.2d 820 (2002); State v. Badoni, 62 P.3d 348 (2002); State v. Edwards, 810 A.2d 226 (2002); Poole v. State, 846 So.2d 370 (2001).

Según un artículo titulado Apprendi in the States: The Virtues of Federalism as a Structural Limit on Errors,[23] la mayoría de los estados de la Unión se han inclinado a resolver que los agravantes no tienen que aparecer en el pliego acusatorio. Añade que algunos de ellos, inclusive, han optado por ordenar que los agravantes sean detallados en pliegos de particulares.

---

[23] Stephanos Bibas, Apprendi in the States: The virtues of Federalism as a Structural Limit on Errors, 94 J. Crim. L. & Criminology 1, 2-3 (2003-2004).

Este asunto, en específico, nunca ha estado ante nuestra consideración. Por lo tanto, no existe, ni jurisprudencial ni estatutariamente una norma que rija sobre el particular.[24] Es precisamente por ello que hoy nos toca pautar las guías procesales necesarias para atender la problemática que se nos plantea, teniendo siempre en mente nuestra obligación de garantizarle al acusado las protecciones constitucionales.

### III

El Estado fundamenta su deber de incluir los agravantes en la acusación en la necesidad de cumplir con el debido proceso de ley y en la observancia a la norma antes reseñada a los efectos de que los agravantes tienen que ser sometidos ante el jurado y probados más allá de duda razonable. Los acusados, por su parte, entienden que desglosar los agravantes en el pliego acusatorio tendría un efecto inflamatorio, perjudicial, grave, sustancial e insubsanable en éstos, y atentaría contra sus derechos fundamentales a la presunción de inocencia y a ser juzgados ante un jurado imparcial y libre de prejuicios.

Luego de un concienzudo examen de los argumentos presentados y en aras de salvaguardar todos los preceptos

---

[24] Aun cuando en Pueblo v. Montero Luciano, 169 D.P.R. 360 (2006), se hicieron unas expresiones sobre el particular, la realidad es que lo que tuvo ante su consideración este Tribunal, en aquel momento, fue una cuestión relativa a la reincidencia, situación que ya estaba siendo atendida por la Regla 48 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 48 (2004).

constitucionales que aquí se reclaman, establecemos que la mejor práctica en estos casos es que el Ministerio Público presente dos (2) pliegos por separado: uno de ellos imputando la comisión del delito y el otro detallando las circunstancias que podrían agravar la pena.[25]

Cuando de la prueba admisible para establecer la comisión del delito imputado surja igualmente evidencia sobre los agravantes, el Ministerio Público podrá solicitar al tribunal que ambos pliegos se le sometan al jurado conjuntamente para que, luego de emitir su veredicto, de ser el mismo uno de culpabilidad, determinen si los agravantes fueron probados más allá de duda razonable.[26] Bajo estas circunstancias, el juez, dentro de su discreción, deberá auscultar, primeramente, si darle a conocer al jurado los agravantes, previo al veredicto, le causaría un perjuicio indebido al acusado. Del juez determinar que no se le estaría ocasionando un perjuicio indebido al acusado, se entregarán ambos pliegos para que, de ser el veredicto uno de culpabilidad, **en el mismo acto**

---

[25]   Al inicio de un juicio por jurado se deberá leer únicamente el pliego que imputa la comisión del delito, pero no así el de los agravantes.

El pliego de agravantes deberá estar firmado y jurado por el fiscal, al igual que la acusación.

[26]   Nótese que el Artículo 73 del Código Penal de 2004 y el Artículo 67 del Código Penal de 2012 establecen que "[l]as circunstancias agravantes o atenuantes que la ley ya haya tenido en cuenta al tipificar el delito, al igual que las que son inherentes al mismo, no serán consideradas en la fijación de la pena". Siendo así, en aquellas situaciones en que las circunstancias agravantes se relacionen inherentemente con la comisión del delito, éstas no podrán considerarse para aumentar o disminuir la pena, pues el legislador ya las tuvo en cuenta al tipificar y penalizar la conducta delictiva.

el jurado determine si los agravantes fueron probados más allá de duda razonable. No obstante, del juez concluir que sí se estaría exponiendo al acusado a un perjuicio indebido, no se permitirá la entrega de ambos pliegos al jurado y, en su lugar, la determinación atinente a los agravantes se hará según explicamos a continuación.

Cuando, durante el transcurso del juicio no surja toda la prueba necesaria para establecer los agravantes[27] o si el juez considera que se le causaría un perjuicio indebido al acusado de someter el pliego de agravantes antes de que se rinda el veredicto, se celebrará una vista posterior, ante el jurado, donde tanto el acusado como el fiscal podrán presentar prueba de circunstancias atenuantes o agravantes, según corresponda, a los fines de la imposición de la pena.[28] Es en ese momento que al jurado se le entregará el pliego sobre los agravantes. En estos casos, el jurado no será disuelto luego de emitido el veredicto, sino que, según establecimos en Pueblo v. Santana Vélez, *supra*, pág. 78, "tendr[án] que realizar la determinación de los agravantes más allá de duda razonable a base de la prueba desfilada en el juicio o a base de prueba adicional que el Ministerio Público presente en dicha vista".

---

[27]   Ya sea porque la misma no estaba relacionada a la comisión del delito o por cualquier otra razón.

[28]   Según mencionamos anteriormente, las Reglas 162.4 y 171 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 162.4 y R. 171 (2004 y Supl. 2011), proveen para la celebración de estas vistas.

Al desglosar los agravantes en un pliego separado, se elimina la posibilidad de ocasionarle un perjuicio indebido al acusado al momento del jurado deliberar sobre su culpabilidad, a la vez que se da paso a una notificación oportuna al imputado de lo que podría enfrentar en el trámite de su caso y, de este modo, pueda preparar su defensa adecuadamente. En consecuencia, se cumple con los preceptos constitucionales que promueven un juicio rápido y público ante un jurado imparcial, así como el derecho del acusado a ser juzgado conforme las garantías exigidas por el debido proceso de ley.

Con la implantación de este mecanismo dual, ratificamos la máxima de que en el cumplimiento con el debido proceso de ley, debe garantizarse al acusado un conocimiento adecuado y completo de todos los pormenores a los que se expone en el proceso criminal instado en su contra. A la vez, atemperamos el riesgo de perjuicio indebido al contaminar innecesariamente la mente del jurado previo a su deliberación.

Reconocemos, igualmente, la norma desarrollada por Apprendi v. New Jersey, *supra,* y su progenie, adoptada posteriormente por este Tribunal en Pueblo v. Santana Vélez, *supra*, a los efectos de que cualquier hecho que aumente la pena del acusado, excepto aquellos relativos a convicciones anteriores, tienen que ser sometidos a la

consideración del jurado y probados más allá de duda razonable.

Al emitir esta decisión estamos conscientes de que, según alertamos en Pueblo v. Santana Vélez, *supra*, es posible que durante el transcurso del juicio el jurado advenga en conocimiento de hechos que podrían constituir agravantes para efectos de la pena. Esto, sin embargo, no afecta nuestra determinación en el día de hoy. El dictamen respecto a dónde deben aparecer consignados los agravantes para propósitos de cumplir con la notificación debida al acusado, a la vez de evitarle un perjuicio indebido al ser juzgado por jurado, es separado del asunto de cómo debe presentarse la prueba para establecer hechos que constituyen agravantes que habrán de impactar la magnitud de la sentencia que ha de imponérsele en su día. Es indudable que, en ocasiones, existen hechos que están íntimamente ligados a la comisión del delito y que, a la misma vez, podrían constituir agravantes para efectos de la pena, por lo que, en términos prácticos habrá casos en los que se estará presentando prueba sobre dichos agravantes durante el juicio, sin necesidad de pasar prueba sobre los mismos en una vista posterior sobre agravantes. Dentro de esas circunstancias, no se le estaría ocasionando un perjuicio indebido al acusado al recibir esta evidencia como parte del juicio, pues el

jurado no estará enterado de la naturaleza de esos hechos en calidad de agravantes, sino como elementos del delito.

Por lo tanto, la presentación de dos (2) pliegos, uno donde se consigna la acusación y el otro donde se detallan los agravantes en nada altera el proceso previamente expuesto y que va a tono con los derechos constitucionales del acusado. Además, dicho esquema le concede al juez amplia discreción[29] para decidir cuál es el momento más apropiado para someter los agravantes al jurado y que este último determine si los mismos han quedado probados más allá de duda razonable, salvaguardando, de ese modo, todos los principios constitucionales en cuestión.

Señalamos, además, que no nos persuaden los argumentos del Ministerio Público conducentes a justificar la inclusión de los agravantes en el pliego acusatorio fundados en la economía procesal. Según está diseñado nuestro sistema procesal penal y conforme establecimos recientemente en Pueblo v. Santana Vélez, *supra*, nuestro ordenamiento actual provee para la celebración de una vista de agravantes posterior a la determinación de culpabilidad del acusado. Definitivamente, y según lo alegado por los acusados, la economía procesal no puede ir por encima de su derecho constitucional a disfrutar de un

---

[29] Anteriormente hemos indicado que la "'[d]iscreción es, pues, una *forma de razonabilidad aplicada al discernimiento judicial* para llegar a una conclusión justiciera…'". Pueblo v. Ortega Santiago, 125 D.P.R. 203, 211 (1990) (citando a Pueblo v. Sánchez González, 90 D.P.R. 197, 200 (1964))(énfasis en el original).

juicio justo ante un jurado libre de prejuicios. La primacía de la que gozan los derechos constitucionales en nuestro ordenamiento jurídico indudablemente les confiere prioridad sobre cualquier reclamo de economía procesal.

Por último, es preciso aclarar que lo anterior en nada cambia la norma establecida en Pueblo v. Montero Luciano, *supra*, relativa a que la reincidencia tiene que seguir siendo alegada en la acusación, de interesar el Ministerio Público que la misma sea tomada en cuenta para efectos de la Sentencia. Además queremos enfatizar que nuestras expresiones vertidas en la nota al calce número veinticuatro (24) de ese caso, atinentes a que se deben incluir todos los elementos que pudieran agravar la pena en el pliego acusatorio, se hicieron basadas en consideración a la notificación que exige el debido proceso de ley. No obstante, este asunto está siendo debidamente atendido en la opinión que hoy emitimos, al requerir la entrega de dos (2) pliegos.

Nuestra opinión en Pueblo v. Montero Luciano, *supra*, estuvo enmarcada en lo dispuesto en la Regla 48 de Procedimiento Criminal, *supra*, la cual ordena la inclusión de las convicciones anteriores del acusado en la acusación, si el Ministerio Público pretende establecer la condición de reincidente de éste para fines de la imposición de una pena mayor. Queremos resaltar, en contraste, que nuestro ordenamiento no contiene

disposición alguna que exija la inclusión de los agravantes como parte de la acusación. Entendemos que una explicación acertada para ello es que, como bien sabemos, la alegación de reincidencia versa sobre unos hechos que ya han sido objeto de adjudicación judicial, mientras que las circunstancias agravantes se refieren a hechos que no han sido objeto de procesos criminales y que están pendientes de ser probados más allá de duda razonable. De modo que incluirlos en la acusación podría provocar el riesgo de que el jurado los considere, ya sea como hechos probados o los tome en cuenta para determinar la culpabilidad del acusado.

Cabe señalar que por ser la norma procesal que hoy pautamos de carácter constitucional aplicable a procesos penales, la misma tiene efecto retroactivo y es de aplicación a todos aquellos casos que no hayan advenido finales y firmes. Pueblo v. Thompson Faberllé, 180 D.P.R. 497 (2010); Pueblo v. González Cardona, 153 D.P.R. 765 (2001). Sin embargo, por estar de por medio la discreción judicial, en aquellos casos que se encuentren en la etapa apelativa, el convicto tendrá que demostrar que el juez de instancia abusó de su discreción al someter los agravantes al jurado en una etapa inoportuna. Sólo en aquellas situaciones en las que se determine que efectivamente medió abuso de discreción se devolverá el caso al foro primario para la emisión de los dos pliegos de conformidad

con la norma que hoy pautamos y la celebración de un nuevo juicio.[30] De otra parte, en aquellos casos en los que ya esté en transcurso el juicio por jurado, corresponderá al juez a cargo de los procedimientos, a requerimiento de la defensa, tomar las medidas que sean necesarias y viables en esa etapa, para evitar el perjuicio indebido al que hacemos referencia en esta Opinión.

## IV

A tenor con lo anterior, confirmamos la Sentencia del Tribunal de Apelaciones en el recurso **CC-2011-0373** y revocamos las Sentencias emitidas en los recursos **CC-2010-0583** y **CC-2010-0749.** Devolvemos estos últimos dos (2) casos al Tribunal de Primera Instancia para que, conforme a lo aquí dictaminado, el Ministerio Público someta, a la brevedad posible, un pliego acusatorio que incluya los hechos constitutivos del delito, así como la reincidencia, de ésta ser aplicable, y otro pliego que contenga únicamente las circunstancias agravantes.

Se dictará Sentencia de conformidad.

ROBERTO FELIBERTI CINTRÓN
JUEZ ASOCIADO

---

[30] En estas instancias, siendo el convicto el que solicita que se anule el primer proceso y se celebre un nuevo juicio, el mismo estaría impedido de levantar la defensa de doble exposición. <u>Pueblo v. Martínez Torres</u>, 126 D.P.R. 561 (1990).

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  | *Certiorari* |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>ALFREDO PAGÁN ROJAS<br><br>Peticionario | **Núm.: CC-2010-0583** |  |
|  | consolidado con |  |
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>JONATHAN CLAUDIO PARRILLA<br><br>Peticionario | **Núm.: CC-2010-0749** |  |
|  | consolidado con |  |
| EL PUEBLO DE PUERTO RICO<br><br>Peticionario<br><br>v.<br><br>JOEL LUGO MORALES<br>LUIS G. LUGO MORALES<br><br>Recurridos | **Núm.: CC-2011-0373** |  |

SENTENCIA

En San Juan, Puerto Rico, a 10 de diciembre 2012.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente Sentencia, confirmamos la Sentencia del Tribunal de Apelaciones en el recurso **CC-2011-0373** y revocamos las Sentencias emitidas en los recursos **CC-2010-0583** y **CC-2010-0749**. Devolvemos estos últimos dos (2) casos al Tribunal de Primera Instancia para que, conforme a lo dictaminado en la Opinión arriba indicada, el Ministerio Público someta, a la brevedad posible, un pliego

acusatorio que incluya los hechos constitutivos del delito, así como la reincidencia, de ésta ser aplicable, y otro pliego que contenga únicamente las circunstancias agravantes.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Martínez Torres disiente con opinión escrita.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

Recurrido

v.

Alfredo Pagán Rojas

Peticionario

CC-2010-0583
Consolidado
con:

CC-2010-0749

CC-2011-0373

El Pueblo de Puerto Rico

Recurrido

v.

Jonathan Claudio Parrilla

Peticionario

El Pueblo de Puerto Rico

Peticionario

v.

Joel Lugo Morales; Luis G. Lugo
Morales

Recurridos

Opinión disidente emitida por el Juez Asociado señor
MARTÍNEZ TORRES

En San Juan, Puerto Rico, a 10 de diciembre de 2012.

> No es cuestión de ser o no ser
> "liberal", es cuestión de elaborar
> jurisprudencia de frente a la realidad.

> Pueblo v. Tribunal Superior, 91 D.P.R. 19,
> 45 (1964) (Op. disidente del Juez Asociado
> señor RIGAU.)

Disiento con mucho respeto del criterio de mis colegas en estos casos consolidados. De forma implícita, la Opinión del Tribunal otorga una factura más ancha al amparo del Art. II, Secs. 7 y 11 de la Constitución de Puerto Rico, L.P.R.A. Tomo I, al extender la norma de Apprendi v. New Jersey, 530 U.S. 466 (2000), más allá de lo que ha pautado el Tribunal Supremo de Estados Unidos. En el camino, también se revoca de forma

solapada lo resuelto en Pueblo v. Montero Luciano, 169 D.P.R. 360 (2006) y en Pueblo v. Santana Vélez, 177 D.P.R. 61 (2009).

Los hechos de estos casos consolidados se encuentran resumidos adecuadamente en la Opinión del Tribunal. Aun así, intereso puntualizar que la controversia que hoy resolvemos no versa sobre si se puede bifurcar **un juicio ante jurado** para dividir la fase del veredicto y la fase de la imposición de la sentencia. Se trata de dilucidar si procede ingeniar un proceso en que se divida **una acusación** en dos para imputar en un documento los elementos del delito y en otro los agravantes. Como opino que la actuación del Ministerio Público en estos casos consolidados no ofende el debido proceso de ley ni el derecho a juicio por jurado, ni está contemplada en las Reglas de Procedimiento Criminal, disiento.

I

A.   En Pueblo v. Santana Vélez, supra, establecimos la forma en que se impone una sentencia con agravantes cuando el juicio es ante jurado. Al hacerlo, analizamos el sistema de imposición de penas provisto por el Art. 58 del Código Penal de 1974, 33 L.P.R.A. sec. 3282, a la par con el derecho a juicio por jurado que cobija la Enmienda Sexta de la Constitución de los Estados Unidos, L.P.R.A. Tomo I, y la jurisprudencia interpretativa de la Corte Suprema de Estados Unidos, con especial atención a lo resuelto en Apprendi v. New Jersey, supra; Cunningham v. California, 549 U.S. 270 (2007); United States v. Booker, 543 U.S. 220 (2005); Blakely v. Washington, 542 U.S. 296 (2004); Ring v. Arizona, 536 U.S. 584 (2002). Luego de sopesar el derecho aplicable, sostuvimos que los agravantes de la pena

deben someterse ante el jurado y probarse más allá de duda razonable, salvo que el acusado los acepte. Pueblo v. Santana Vélez, supra, pág. 76.

También resolvimos en Pueblo v. Santana Vélez, íd., cuál es el momento y la forma apropiada para que las circunstancias agravantes de la pena le sean sometidas al jurado. En particular, expresamos:

> En casos en que los agravantes surjan de la prueba admisible presentada, el Ministerio Público podrá solicitar al Tribunal que éstos se le sometan al jurado en conjunto con la determinación de culpabilidad o inocencia. En caso de que el jurado emita un veredicto de culpabilidad, deberá determinar igualmente si encontró probados más allá de duda razonable los agravantes imputados.

> Íd.

Añadimos que:

> En estos casos, el juez que presida los procedimientos deberá emitir una instrucción al jurado a los efectos de que deberán, en primera instancia, determinar si el acusado es culpable o no culpable. Luego, de llegar a un veredicto de culpabilidad, deberán considerar si, a base de la prueba presentada para probar la comisión del delito, se probaron más allá de duda razonable los agravantes imputados. Del jurado contestar en la afirmativa, el juez deberá tomar en consideración dicha determinación al momento de imponer sentencia.

> Íd. pág. 77, esc. 7.

Ahora bien, aclaramos que cuando sea necesario

presentar prueba adicional a la requerida para establecer la comisión del delito que no sería admisible durante el juicio o si el juez considera que se le causaría un perjuicio indebido al acusado al someter los agravantes antes de rendirse el veredicto, entonces el procedimiento a seguir será similar al que se lleva a cabo actualmente al amparo de las Reglas de Procedimiento Criminal. Según las Reglas 162.4 y 171 de Procedimiento Criminal tanto el acusado como el fiscal podrán solicitar del tribunal que escuche prueba de circunstancias atenuantes o agravantes a los fines de la imposición de la pena. Véanse las Reglas 162.4 y 171 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. El Ministerio Público podrá hacer uso de las vistas que conceden dichas reglas para presentar prueba sobre los agravantes que estime pertinentes imputar. El Jurado, en esos casos, no sería disuelto inmediatamente luego de emitirse el veredicto, sino que tendrían que realizar la determinación de los agravantes más allá de duda razonable a base de la prueba desfilada en el juicio o a base de prueba adicional que el Ministerio Público presente en dicha vista. De los agravantes no ser probados más allá de duda razonable por el Jurado, el juez estará obligado a imponer la pena fija, salvo que considere probadas circunstancias atenuantes que le permitan conceder una pena menor.

Íd., págs. 77-78.

Como se aprecia, sostuvimos sin ambages que el juez debe tener la discreción para decidir en qué etapa procesal se presenta la evidencia de agravantes al jurado. Íd., pág. 96, (Opinión de Conformidad del Juez Asociado señor MARTÍNEZ TORRES). Resolvimos de esa forma para "no complicar los procesos en aquellos casos en que ello no se amerita". Íd.

Un análisis de derecho comparado con la jurisdicción federal y con otras jurisdicciones estatales de la Unión nos lleva a la misma conclusión. Véanse, entre otros, Apprendi v. New Jersey, supra, pág. 521, esc. 10, (Opinión Concurrente del

Juez Asociado señor THOMAS); United States v. Alviar, 573 F. 3d 526, 545 (7mo. Cir. 2009); United States v. Nickl, 427 F. 3d 1286, 1295 (10mo. Cir. 2005); Krocka v. City of Chicago, 203 F. 3d 507, 516 (7mo. Cir. 2000); United States v. Collamore, 868 F. 2d 24, 27 (1er. Cir. 1989); State v. Brillon, 995 A. 2d 557, 563 (Vt. 2010); State v. McBride, 691 S.E. 2d 183, 192 (W. Va. 2010); Polivka v. State, 362 S. W. 3d 918, 923 (Ark. 2010) Vaca v. State, 314 S. W. 3d 331, 336-337 (Mo. 2010); Duncan v. State, 939 So. 2d 772, 782 (Miss. 2006); Commonwealth v. Philpott 75 S.W. 3d 209, 213 (Ky. 2002); State v. Janto, 986 P. 2d 306, 321 (Hi. 1999); People v. Calderon, 885 P. 2d 83, 86 (Cal. 1994).

Incluso, existen jurisdicciones en que se han delineado criterios para ayudar al juzgador a ejercer su discreción al determinar el momento en que se deben presentar los agravantes al jurado. Por ejemplo, en State v. Berry, 707 S.E. 2d 221, 226 (W. Va. 2011), el Tribunal Supremo de Apelaciones del estado de West Virginia estableció los siguientes factores para dilucidar si procede la bifurcación de un juicio:

> (a) si unas instrucciones limitadas al jurado serían efectivas [Por ejemplo, véase, United States v. Alfonzo-Reyes, 592 F. 3d 280, 293 (1er Cir. 2010)];
>
> (b) si las partes interesan presentar prueba solamente en la fase de la imposición de la pena pero no en cuanto al veredicto;
>
> (c) si la evidencia sería admisible en la fase de la imposición de la pena, pero no sería admisible en cuanto al veredicto o viceversa;
>
> (d) si cualquiera de las partes puede demostrar perjuicio o desventaja desleal por la bifurcación;
>
> (e) si un juicio unitario causaría que las partes renuncien a la presentación de prueba pertinente para la determinación de la pena, y

    (f) si la bifurcación alargaría injustificadamente el
    juicio.[31]

B. Por su parte, en nuestro ordenamiento jurídico la Regla 34 de
Procedimiento Criminal, 34 L.P.R.A. Ap. II, indica que la
primera alegación de parte del Pueblo será la acusación. La
Regla 35 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, regula
el contenido de la acusación. En lo concerniente, ese precepto
indica:

    La acusación y la denuncia deberán contener:
    ........
    (c) Una exposición de los hechos esenciales
    constitutivos del delito, redactada en lenguaje
    sencillo, claro y conciso, y de tal modo que pueda
    entenderla cualquier persona de inteligencia común.
    Las palabras usadas en dicha exposición se
    interpretarán en su acepción usual en el lenguaje
    corriente, con excepción de aquellas palabras y
    frases definidas por ley o por la jurisprudencia, las
    cuales se interpretarán en su significado legal.
    Dicha exposición no tendrá que emplear estrictamente
    las palabras usadas en la ley, y podrá emplear otras
    que tuvieren el mismo significado. En ningún caso
    será necesario el expresar en la acusación o denuncia
    presunciones legales ni materias de conocimiento
    judicial.
    Íd.

    En esencia, la Regla 35 de Procedimiento Criminal, íd.,
responde al derecho constitucional de todo acusado "a ser

---

[31] La cita original en inglés es la siguiente: "(a) whether
limiting instructions to jury would be effective; (b) whether
party desires to introduce evidence solely for sentencing
purposes but not on merits; (c) whether evidence would be
admissible on sentencing but would not be admissible on merits
or vice versa; (d) whether either party can demonstrate unfair
prejudice or disadvantage by bifurcation; (e) whether unitary
trial would cause parties to forego introducing relevant
evidence for sentencing purposes; and (f) whether bifurcation
unreasonably would lengthen the trial".

notificado de la naturaleza y causa de la acusación", según lo establece el Art. II, Sec. 11, de la Constitución de Puerto Rico, supra. Por eso, si una acusación no imputa delito, la Regla 64(a) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, permite que se desestime.

En Pueblo v. Montero Luciano, supra, pág. 389, declaramos inconstitucionales los incisos (b)(4) y (b)(5) del Art. 7.04 de la Ley de Vehículos y Tránsito de Puerto Rico, 9 L.P.R.A. sec. 5204, en cuanto eximían al fiscal de alegar la reincidencia en la denuncia por guiar en estado de embriaguez. Sustentamos nuestra decisión en que esos dos incisos violaban la Regla 48 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, y nuestra cláusula constitucional de debido proceso de ley. Íd.; Art. II, Sec. 7 de la Constitución de Puerto Rico, L.P.R.A. Tomo I. Por ello, concluimos que esa cláusula constitucional le impone el deber al fiscal de alegar en la acusación las convicciones anteriores del acusado para poder establecer su condición de reincidente. Íd., pág. 388.

Por otro lado, dejé claro en Pueblo v. Vélez Rodríguez, Op. de 14 de septiembre de 2012, 2012 T.S.P.R. 139, 2012 J.T.S. 152, Vol. XXXVI, pág. 224, 186 D.P.R. __ (2012) (Opinión disidente a la cual se le unió la Jueza Asociada señora PABÓN CHARNECO), que una acusación no es otra cosa que "**una alegación que hace el Ministerio Público en la que informa a una persona de qué se le acusa**". (Énfasis en el original.)

También indiqué en mi disenso que al momento de revisar la suficiencia de una acusación es menester enfocarse en los aspectos siguientes: (1) el derecho del acusado a ser informado de la naturaleza de los cargos en su contra; (2) el derecho

constitucional en la jurisdicción federal en ciertos casos a ser procesado por una acusación que pase el cedazo de un gran jurado y; (3) el derecho constitucional a no ser procesado dos veces por el mismo delito. Íd., 2012 J.T.S. 152, Vol. XXXVI, pág. 222.

II

Considero que la Opinión del Tribunal comete el mismo error conceptual que lo llevó a concluir de forma errada en Pueblo v. Vélez Rodríguez, supra, ya que atribuye valor evidenciario a una acusación. En particular, la Opinión del Tribunal, pág. 28, indica que al

> desglosar los agravantes en un pliego separado, se elimina la posibilidad de ocasionarle un perjuicio indebido al acusado al momento del jurado deliberar sobre su culpabilidad, a la vez que se da paso a una notificación oportuna al imputado de lo que podría enfrentar en el trámite de su caso y, de este modo, pueda preparar su defensa adecuadamente.

Sin embargo, ese enfoque es incorrecto. Todos los hechos que el Ministerio Público consigna en una acusación, incluyendo los que agravan la pena, necesitan ser probados más allá de duda razonable en el proceso penal. Pueblo v. García Colón I, 182 D.P.R. 129, 174-176 (2011); Pueblo v. Lugo, Rivero y Almodóvar, 121 D.P.R. 454, 472 (1988); Pueblo v. Cabán Torres, 117 D.P.R. 645, 652 (1986). Como expresé en mi disenso en Pueblo v. Vélez Rodríguez, supra, 2012 J.T.S. 152, Vol. XXXVI, pág. 224, no podemos aplicarle a una acusación las Reglas de Evidencia, 32 L.P.R.A. Ap. VI. Por el contrario, en nuestro esquema procesal penal se le imparten unas instrucciones al jurado. En ellas, se le explica que *"la acusación no constituye prueba, sino que es una alegación que hace el Ministerio Público"*. Pueblo v. Vélez Rodríguez, supra, 2012 J.T.S. 152, Vol. XXXVI, pág. 224.

(Énfasis en el original.) Esa instrucción es más que suficiente para evitar un perjuicio indebido al acusado. Es mi contención que un jurado puede entender el mandato constitucional que garantiza al acusado la presunción de inocencia y exige que toda convicción esté sostenida con evidencia más allá de duda razonable. Pueblo v. García Colón I, supra; Pueblo v. Lugo, Rivero y Almodóvar, supra.

No obstante, la Opinión del Tribunal decide hoy inaugurar una "mejor práctica" en casos en que existan agravantes. Así, literalmente crea un proceso para esos casos en que "el Ministerio Público [deberá presentar] dos (2) pliegos por separado: uno de ellos imputando la comisión del delito y el otro detallando las circunstancias que podrían agravar la pena". Opinión del Tribunal, pág. 26. De esa forma, luego de culminar el juicio y antes de la deliberación, el juez, dentro de su discreción, decidirá si se entregan ambos pliegos al jurado en el mismo acto o si por el contrario, se entrega el pliego con los elementos del delito primero y luego, de ser necesario, el de los agravantes. En esencia, la Opinión del Tribunal sustenta su "mejor práctica" en los preceptos constitucionales que promueven un juicio ante un jurado imparcial, así como el derecho a ser juzgado conforme las garantías del debido proceso de ley. Opinión del Tribunal, pág. 29. Estoy en desacuerdo con ese resultado. En cambio, estoy convencido de que la actuación del Ministerio Público en estos casos consolidados no ofende el debido proceso de ley ni el derecho a juicio por jurado.

En esta coyuntura, conviene recordar lo que expresamos en Domínguez Talavera v. Tribunal Superior, 102 D.P.R. 423, 428 (1974), a los efectos de que "[e]l debido proceso [de ley] no es

abstracción apocalíptica que de sólo invocarla infunda temor de Dios al tribunal y paralice al adversario". Cada caso hay que analizarlo con sus hechos particulares. De esa manera, si estudiamos con detenimiento nuestra decisión en Pueblo v. Montero Luciano, supra, págs. 388-389, notamos que la razón por la cual declaramos inconstitucionales los incisos (b)(4) y (b)(5) del Art. 7.04 de la Ley de Vehículos y Tránsito de Puerto Rico, supra, fue porque eran contrarios a la Regla 48 de Procedimiento Criminal, supra, que reconoce un derecho a que la reincidencia se imputara en la acusación. Por ello concluimos que "una vez incorporados ciertos derechos por acción legislativa, estos se convierten en parte integral del debido proceso de ley". Pueblo v. Montero Luciano, supra, pág. 388.

En el caso que nos ocupa **no existe un derecho incorporado por acción legislativa** que obligue al Ministerio Fiscal a presentar dos pliegos acusatorios por separado. De hecho, no hemos encontrado ni una jurisdicción que obligue al fiscal a realizar esa actuación. Lo que existe es jurisprudencia copiosa que establece el momento adecuado para **presentar la prueba de agravantes** al jurado de forma que no se ofenda el derecho constitucional a juicio por jurado. Véase, Apprendi v. New Jersey, supra, pág. 521, esc. 10, (Opinión Concurrente del Juez Asociado señor THOMAS); United States v. Alviar, supra, pág. 545; United States v. Nickl, supra, pág. 1295; Krocka v. City of Chicago, supra, pág. 516; United States v. Collamore, supra, pág. 27; State v. Brillon, supra, pág. 563; State v. McBride, supra, pág. 192; Polivka v. State, supra, pág. 923; Vaca v. State, supra, págs. 336-337; Duncan v. State, supra, pág. 782; Commonwealth v. Philpott supra, pág. 213; State v. Janto, supra,

pág. 321; People v. Calderon, supra, pág. 86. Esa actuación la atendimos expresamente en Pueblo v. Santana Vélez, supra, págs. 76-78, y delineamos el proceso a seguirse en esos casos. No obstante, la Opinión que se emite hoy descarta ese proceso.

De igual manera, al decidir Pueblo v. Montero Luciano, supra, esc. 24, siempre nos referimos al pliego acusatorio en singular y no a los pliegos acusatorios en plural porque nuestras Reglas de Procedimiento Criminal, supra, **no contemplan** la norma que hoy se adopta. Incluso, resulta espinoso aplicar el nuevo proceso que elabora la Opinión del Tribunal en aquellas jurisdicciones en que existe derecho a que el pliego acusatorio pase el cedazo de un gran jurado. Véase, por ejemplo, Reglas 6 y 7 de Procedimiento Criminal federal. En esas jurisdicciones, **¿habrá que convocar un gran jurado para la acusación que impute los elementos del delito y otro para la acusación que impute los agravantes? ¿No hacerlo viola el debido proceso de ley?** Parece que según la mayoría, la Constitución federal se está violando todos los días en todas las jurisdicciones de Estados Unidos.

La Opinión del Tribunal, pág. 34, incurre en otra incongruencia al ordenar al Ministerio Público que incluya la alegación de reincidencia **en el mismo documento** que recoge los elementos del delito. Si para fines de argumentación acogiéramos la tesis de la Mayoría; ¿No es mas inflamatoria la alegación de reincidente que las circunstancias agravantes del delito? Me parece que la respuesta es clara. Lo que ocurre es que la Opinión del Tribunal intenta entrelazar infructuosamente nuestra decisión en Pueblo v. Montero Luciano, supra, con la "mejor práctica" que inaugura hoy. Pero en realidad la norma que pauta hoy este Tribunal es incompatible con Pueblo v. Montero Luciano,

íd. Allí señalamos lo contrario a lo que resolvemos hoy: que los agravantes (que entonces era una alegación de reincidencia) tienen que aparecer en el pliego acusatorio único, precisamente porque así lo requiere el derecho constitucional a un debido proceso de ley. La vigencia de ese precedente ahora está en duda.

También me preocupa la imprecisión con que la Opinión del Tribunal expresa el término "agravantes". Digo esto porque en ella no se explica cuáles son los agravantes que deben ir en el segundo pliego. Es decir, la Opinión no limita su norma a la lista de agravantes que contiene el Art. 66 del Código Penal de 2012, Ley Núm. 146-2012. Al no hacerlo, la Opinión del Tribunal desorienta y confunde a nuestra profesión legal, quien al fin y al cabo, será la que tendrá la tarea ardua de aplicar la "mejor práctica" que hoy comienza. Por ejemplo, si analizamos el delito de escalamiento, según se regula en los Arts. 194 y 195 del Código Penal de 2012, íd., notamos que es un agravante el hecho de que el delito se cometiera en un "edificio ocupado". Bajo la "mejor práctica" que hoy se inaugura: **¿hay que presentar un pliego con los elementos del delito de escalamiento simple, Art. 203 del Código Penal, supra, y otro que indique que el edificio estaba ocupado?** La Opinión del Tribunal guarda silencio al respecto. A modo de comparación, véanse los siguientes Artículos del Código Penal de 2012, íd., en que ocurre algo similar: Art. 108 (agresión) y Art. 109 (agresión grave); Art. 141 (proxenetismo, rufianismo y comercio de personas) y Art. 142 (proxenetismo, rufianismo y comercio de personas agravado); Art 155 (restricción de libertad) y Art. 156 (restricción de libertad agravada); Art. 157 (secuestro) y Art. 158 (secuestro

agravado); Art. 171 (violación de comunicaciones personales), Art. 172 (alteración y uso de datos personales en archivos), Art. 173 (revelación de comunicaciones y datos personales), Art. 174 (protección a personas jurídicas) y Art. 175 (delito agravado); Art. 181 (apropiación ilegal) y Art. 182 (apropiación ilegal agravada); Art. 189 (robo) y Art. 190 (robo agravado); Art. 198 (daños) y 199 (daño agravado); Art. 230 (incendio) y Art.231 (incendio agravado); Art. 236 (contaminación ambiental) y Art. 237 (contaminación ambiental agravada); Art. 269 (perjurio) y Art. 270 (perjurio agravado).

Asimismo, el Tribunal hace un esfuerzo legítimo y loable en lo relativo a la aplicación retroactiva de la norma constitucional que se pauta. En particular, la Opinión del Tribunal, pág. 32, indica que como la norma que se establece es "de carácter constitucional", aplica a todos los casos que no sean finales y firmes. Ello es cónsono con nuestros precedentes al respecto. Véase, Pueblo v. Thompson Faberllé, 180 D.P.R. 497 (2010). De igual manera, la Opinión del Tribunal, págs. 32, expresa que en los casos que se encuentran en la etapa apelativa, "el convicto tendrá que demostrar que el juez de instancia abusó de su discreción al someter los agravantes al jurado en una etapa inoportuna". En cuanto a los casos en que comenzó el juicio por jurado, la Opinión del Tribunal, pág. 33, establece que "le corresponderá al juez a cargo de los procedimientos, a requerimiento de la defensa, tomar las medidas que sean necesarias y viables en esa etapa, para evitar el perjuicio indebido al que hacemos referencia en este Opinión". Todo eso es razonable.

Sin embargo, la Opinión del Tribunal pasa por alto que la norma que hoy se inaugura **no le confiere discreción al ministerio público para que presente en una sola acusación los elementos del delito y los agravantes.** Así, como es hasta el momento la práctica forense, **todos los casos penales sometidos ante nuestra jurisdicción cuentan con una sola acusación que contiene los elementos del delito y los agravantes. Entonces, si la presentación de dos acusaciones, una que recoja los elementos del delito y otra que recoja los agravantes, es un imperativo del debido proceso de ley, ¿cómo se explica que esa norma no se aplique en los casos penales que se encuentran en etapa apelativa y en aquellos en que el juicio por jurado comenzó? ¿No es ello contrario a nuestros precedentes?** Véanse, <u>Pueblo v. Thompson Faberllé</u>, <u>supra</u>; <u>Pueblo v. González Cardona</u>, 153 D.P.R. 765 (2001).

Lo que ocurre es que la Opinión del Tribunal es consciente de las repercusiones que conlleva aplicar la nueva norma constitucional a los casos penales en nuestra jurisdicción que se encuentran en etapa apelativa o aquellos en que el juicio por jurado comenzó. Sin lugar a dudas, se crearía un caos institucional y aumentarían considerablemente las mociones de nuevo juicio. De esa forma, se trastocaría la marcha ordenada de los trabajos en esta Rama Judicial sin que haya una razón constitucional que en realidad nos fuerce a resolver como se hace hoy.

III

A modo de epílogo, expreso con mucha candidez que la solución que brinda la Opinión del Tribunal se puede catalogar como un proyecto de ley que enmienda las Reglas de Procedimiento

Criminal. Sin embargo, es algo mucho peor. Adviértase que como la Opinión del Tribunal resuelve la controversia al amparo de nuestra Constitución, supra, elimina la posibilidad de que la Asamblea Legislativa discrepe de la postura de la Opinión del Tribunal y presente legislación para atenderla.

Asimismo, me preocupa intensamente la nueva tendencia de una mayoría de los miembros de este Foro de extender peligrosamente la difusa cláusula constitucional del debido proceso de ley y paralizar cualquier iniciativa legislativa dirigida a agilizar el proceso penal. La "abstracción apocalíptica" de la que hablamos hace décadas en Domínguez Talavera v. Tribunal Superior, supra, pág. 428, se ha esparcido ahora en nuestro sistema de justicia de lo criminal como las plagas que se mencionan en el Apocalipsis. Véase, por ejemplo, Pueblo v. Vélez Rodríguez, supra. Sin duda, este Tribunal tiene el deber de proteger los derechos constitucionales de todos. Cuando el Estado viola esos derechos, no he vacilado para exigir que se cumplan. Véanse, e.g., Pueblo v. Ayala García, Op. de 13 de julio de 2012, 2012 T.S.P.R. 120, 2012 J.T.S. 133, 186 D.P.R. __ (2012); Pueblo v. Serrano Reyes, 176 D.P.R. 437 (2009). Sin embargo, ante el problema de delincuencia que sufre Puerto Rico, hacemos un pobre servicio cuando atamos las manos de las agencias de ley y orden en su lucha contra el crimen mediante la creación de derechos constitucionales que no existen.

De esa forma, cuando este Foro hace abstracción total de la realidad cotidiana del Puerto Rico del Siglo XXI convierte "la factura más ancha en la factura más costosa jamás pagada por el Pueblo de Puerto Rico". RDT Const. Corp. v. Contralor I, 141 D.P.R. 424, 469 (1996) (Opinión concurrente del Juez Asociado

señor NEGRÓN GARCÍA). Esa tendencia activista de este Tribunal en casos penales es peligrosa para nuestra sociedad y detrimental para el sistema de democracia representativa que todos aspiramos para Puerto Rico. Rehúso enmendar la ley o la Constitución desde el estrado. Eso no está dentro de mis funciones.

IV

Por los fundamentos que anteceden, disiento con respeto de la decisión de este Tribunal de ordenar al Ministerio Público que someta un pliego que incluya los elementos del delito y otro que contenga las circunstancias agravantes. Por el contrario, confirmaría la decisión del Tribunal de Apelaciones en los casos CC-2010-583 y CC-2010-749 y revocaría la decisión de ese foro en el caso CC-2011-373 por entender que el Ministerio Fiscal actuó acertadamente.

RAFAEL L. MARTÍNEZ TORRES
Juez Asociado